[No. B037274. Second Dist., Div. Six. June 7, 1989.]

JAMES HANSEN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and KATY
RADIO et al., Respondents.

COUNSEL

Donald W. Haynes and Haynes, Olpin, Wilkison & Stone for Petitioner.

Dennis J. Hannigan, Neil P. Sullivan, Gary Bourassa and Graves, Roberson & Bourassa for Respondents.

OPINION

**GILBERT, J.**—We review a decision of respondent Workers' Compensation Appeals Board (Board) denying applicant James Hansen's petition for removal. The Board determined an order requiring applicant to appear for a defense medical examination in Los Angeles, approximately 185 miles from

applicant's residence in Arroyo Grande, complied with Labor Code section 4051, and Code of Civil Procedure section 2032 is inapplicable.[1]

We conclude the Board erred in determining the ordered examination complied with section 4051.

Applicant filed two claims for workers' compensation benefits for alleged industrial heart injury from stress in his employment by defendant KATY Radio in San Luis Obispo. One claim is for specific heart injury on October 4, 1986 (case No. 87 SBA 52781), the other for cumulative heart injury in the January 1975 to October 4, 1986, period of his employment (case No. 87 SBA 52782).

By letter counsel for defendant insurer notified applicant a medical examination of applicant by Dr. Markovitz in Los Angeles had been arranged. Applicant's counsel replied Los Angeles was much too far for a medical evaluation and applicant would not attend the scheduled examination but would go to any physician in the area of applicant's residence.

Defendant then filed a motion for an order requiring applicant to appear for medical examination by Dr. Markovitz in Los Angeles, but did not file a declaration in support of the motion. A few days later the workers' compensation judge (WCJ) issued an ex parte order requiring applicant to appear for medical examination in the Los Angeles office of Dr. Markovitz. The order included a provision it would be void if good cause to the contrary were stated in writing.

Applicant then filed a letter objecting to the ordered examination on the grounds applicant's residence is more than 75 miles from the place of examination; there are many qualified and respected physicians within the 75 miles allowed by Code of Civil Procedure section 2032; and for applicant to be forced to travel to a defense physician at so great a distance would be a hardship and cause unnecessary discomfort.

The WCJ overruled applicant's objection and concluded section 2032 of the Code of Civil Procedure does not apply to workers' compensation proceedings; such proceedings are governed by Labor Code sections 4050

---

[1] All section references herein are to the Labor Code unless otherwise noted.

Section 4051 provides: "The request or order for the medical examination shall fix a time and place therefor, due consideration being given to the convenience of the employee and his physical condition and ability to attend at the time and place fixed."

Code of Civil Procedure section 2032, subdivision (c)(2), provides: "In any case in which a plaintiff is seeking recovery for personal injuries, any defendant may demand one physical examination of the plaintiff, provided the examination . . . is conducted at a location within 75 miles of the residence of the examinee. . . ."

and 4051; and applicant did not state specific facts that would place this case within the provisions of section 4051.

Applicant petitioned the Board for reconsideration of the WCJ's order, attaching to the petition copies of pages from telephone directories listing the names, addresses, and specializations of physicians in San Luis Obispo, Santa Maria, Lompoc, and Santa Barbara, including specialists in the field of Dr. Markovitz's expertise. Applicant averred the scheduled medical examination in Los Angeles is more than 150 miles from his residence in Arroyo Grande; defendant's motion did not include a declaration required by the Code of Civil Procedure and did not state travel expenses had been paid or there were no competent medical specialists within 75 miles of applicant's residence; and the WCJ issued the order ex parte without granting a hearing or taking testimony.

The Board dismissed applicant's petition as premature, opining the WCJ's order granting the motion for the medical examination was an interim order and not a final order. The Board also stated "that were we deciding the issue on the merits, we would have found that Labor Code §§ 4050 and 4051 are controlling and that the provisions of Code of Civil Procedure § 2032 do not apply in workers' compensation proceedings."

On applicant's ensuing petition for review of the Board's decision, this court on May 5, 1988, denied the petition without prejudice to applicant renewing his objection before the WCJ or in the alternative petitioning the Board for removal. Our order cited sections 4051 and 5310; *Fireman's Fund Insurance Co.* v. *Workers' Comp. Appeals Bd.* (1980) 45 Cal.Comp.Cases 37, writ denied; *California Casualty Indemnity Exchange* v. *Workers' Comp. Appeals Bd.* (1979) 44 Cal.Comp.Cases 1112, writ denied; *County of Santa Barbara* v. *Workers' Comp. Appeals Bd.* (1978) 43 Cal.Comp.Cases 493, writ denied; *Fibreboard Paper Products Corporation* v. *Industrial Acc. Com.* (1966) 31 Cal.Comp.Cases 66, writ denied; and *McRae* v. *Owens-Corning Fiberglas Corp.* (1951) 16 Cal.Comp.Cases 203, writ denied.

On remand applicant petitioned the Board for removal, relying on the authorities cited in our order and contending in essence the WCJ abused his discretion in ordering medical examination at a place more than 75 miles from applicant's residence.

On August 18, 1988, the Board denied the removal petition, concluding that removal is an extraordinary remedy available where the petitioner can show some substantial prejudice or irreparable injury will result if removal is not granted, and no substantial prejudice or irreparable harm would befall applicant if removal were not granted.

The Board opined Code of Civil Procedure section 2032 is not applicable to workers' compensation proceedings since Labor Code section 5708 expressly provides the Board shall not be bound by the common law or statutory rules of procedure. The Board acknowledged that in fixing a time and place for medical examination under section 4051, due consideration shall be given to the convenience of the worker and his physical condition and ability to attend at the time and place fixed.

The Board also acknowledged applicant has an alleged heart condition. Nevertheless, the Board opined applicant has not shown he is physically unable to attend the examination in Los Angeles or that to do so would be a substantial inconvenience to him; and hence section 4051 is inapplicable, and it is immaterial whether or not there are cardiologists or internists, versed in workers' compensation, who practice in the Santa Barbara or San Luis Obispo areas, closer to applicant's home.

The Board made no determination whether the distance to Los Angeles is an inconvenience within the meaning of Labor Code section 4051. The Board also did not discuss the cases cited in this court's May 5, 1988, order and recited in applicant's petition for removal.

Applicant has now petitioned this court for review of the Board's August 18, 1988, decision denying his petition for removal.

Although we need not consider applicability of Code of Civil Procedure section 2032 to workers' compensation proceedings, we note it is indicative of legislative intent to limit the distance for medical examination in civil actions to 75 miles. Distance limitation is similarly a relevant factor in determining the place of defense medical examination of a worker under section 4051.

Ordering a worker with a claimed industrial heart condition to appear for defense medical examination approximately 185 miles from his residence when there are many physicians, including specialists in the defense physician's field of expertise, available in the area of the worker's residence is a patent abuse of discretion under section 4051. This section expressly provides that due consideration must be given to the convenience of the worker and his physical condition and ability to attend at the time and place fixed for examination.

Ordering the worker to attend a medical examination 185 miles from his residence is unreasonable and should not be sanctioned by the Board under its own practice. (See *Fibreboard Paper Products Corporation* v. *Industrial Acc. Com., supra,* 31 Cal.Comp.Cases 66, writ den. [upheld a WCJ's finding

that a defense-requested medical examination 258 miles from the worker's residence was " 'completely unreasonable' "]; cf. *McRae* v. *Owens-Corning Fiberglas Corp., supra,* 16 Cal.Comp.Cases 203, 204, writ den.; and *County of Santa Barbara* v. *Workers' Comp. Appeals Bd., supra,* 43 Cal.Comp.Cases 493, writ den.) These latter two cases held it was unreasonable to require workers to travel at a distance from 50 to 65 miles from their residence to a doctor for treatment. Although an examination is usually a once-occurring event, under the facts here, a 185-mile trip is unwarranted and unreasonable.

■ Finally, it is incumbent on the Board to interpret and apply all aspects of workers' compensation law, especially Labor Code provisions and its own regulations, liberally in favor of the worker consistent with the underlying policy of a pervasive and abiding solicitude for the worker. (Cal. Const., art. XIV, § 4; Lab. Code, § 3202; *LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234 [193 Cal.Rptr. 547, 666 P.2d 989]; *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626-627 [170 Cal.Rptr. 32, 620 P.2d 618]; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 233 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 633, 637-638 [211 Cal.Rptr. 683].)

■ In the circumstances, the WCJ abused his discretion in ordering a defense requested medical examination at a place 185 miles from applicant's residence, and the Board erred in denying applicant's petition for removal.

The August 18, 1988, order of respondent Workers' Compensation Appeals Board denying the petition for removal is annulled; and the matter is remanded to the Board for further proceedings consistent with the views expressed herein.

Stone (S. J.), P. J., and Abbe, J., concurred.