[No. F033647. Fifth Dist. June 26, 2000.]

RAY MARANIAN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and INDUSTRIAL
INDEMNITY COMPANY, Respondents.

**[Opinion certified for partial publication.*]**

*This opinion is certified for publication with the exception of part III.

COUNSEL

Thomas J. Tusan for Petitioner.

Justice, Brass & Zuckerman, Gail S. Taylor; Yohman, Parker, Kern & Nard and Janet M. Maus for Respondent Industrial Indemnity Company.

No appearance for Respondent Workers' Compensation Appeals Board.

OPINION

DIBIASO, J.—In the published portion of this opinion we consider whether an order by the Workers' Compensation Appeals Board (WCAB or Board) on reconsideration under Labor Code section 5900 is final for purposes of appellate review under Labor Code section 5950. At trial, the workers' compensation judge applied the presumption of liability in Labor Code section 5402 and awarded benefits; the Board reversed and remanded for a new trial on all issues, including liability. Relying upon *Safeway Stores, Inc. v. Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528 [163 Cal.Rptr. 750] (*Safeway*), we will hold that a writ of review from the Board's order on reconsideration lies under section 5950 because the order resolved, for purposes of the compensation proceedings, a substantial issue fundamental to the employee's entitlement to benefits. For the reasons stated in the unpublished portion of the opinion, we will affirm the decision of the Board.

## SUMMARY OF PROCEEDINGS BELOW

Petitioner Ray Maranian was hired in 1983 as a field pest control adviser by J.R. Simplot, Inc. He worked from the Reedley office until 1993. In the performance of his job, Maranian was consistently exposed to agricultural chemicals, both in the warehouse and in the fields. In January 1990, he began to experience medical problems and in February was diagnosed with chronic lymphocytic leukemia. A qualified medical examiner concluded the disease was work related.

On September 2, 1994, Maranian sent Simplot, via certified mail, an "Employee's Claim for Workers' Compensation Benefits." Maranian sought out-of-pocket expenses incurred in his medical care and treatment and reserved the right to collect the costs of the future medical expenses likely to be incurred as his disease progressed. The claim was addressed to Simplot's Lathrop office and was picked up at the Lathrop post office by Simplot receptionist Bonnie Moran. The return receipt bears Moran's signature, but

the date of delivery is not inserted. Moran had no recollection of receiving Maranian's claim for benefits. She testified her job duties included the daily collection of the Lathrop office's mail and its subsequent sorting and distribution. Mail intended for other offices, such as the Reedley office, would be forwarded by bulk mail. Mail for Reedley was delivered by the United States Postal Service to the mailbox on site.

Upon receipt of Maranian's claim at the Reedley office, Susan Lynch, also employed by Simplot, prepared the employer's portion of the claim and had Mary Lou Mattison, another Simplot employee then visiting the Reedley office, sign the claim on behalf of the employer. The claim was next forwarded to the insurer, respondent Industrial Indemnity Company (Industrial Indemnity).

Mattison testified she worked at another office and normally would not have received workers' compensation claims from the southern part of the state, but she did remember, when she was in Reedley, being given Maranian's claim to sign by Susan Lynch. Mattison also testified she did not know how Maranian's claim got to Reedley from Lathrop.

No evidence established the date on which Mattison signed the claim for Simplot. September 15, 1994, is inserted on the form as the date the claim was received by the employer, the date the employer first knew of the injury, and the date the form was provided to the employee. Mattison was given this date by Lynch, but did not know whether the date referred to the receipt of the claim at Reedley or at Lathrop.

Susan Lynch testified mail was sent to Reedley from the Lathrop office, and the transit time between the offices was not extraordinarily long. She did not recall Maranian's claim or Mattison's handling of the claim in Reedley, but it was company policy that Mattison deal with all workers' compensation claims. She normally received claims via the mail. No evidence established how or when the claim was transferred from Moran to Lynch.

On September 21, 1994, Industrial Indemnity notified Maranian by letter that the company had the claim and would make a determination of compensability by December 13, 1994. On December 8, 1994, Industrial Indemnity denied the claim.

At trial, Maranian claimed Simplot's denial was untimely and invoked the presumption of Labor Code[1] section 5402. Section 5402 provides as follows: "Knowledge of an injury, obtained from any source, on the part of an employer, his or her managing agent, superintendent, foreman, or other

---

[1]All further references are to the Labor Code unless otherwise noted.

person in authority, or knowledge of the assertion of a claim of injury sufficient to afford opportunity to the employer to make an investigation into the facts, is equivalent to service under Section 5400. If liability is not rejected within 90 days after the date the claim form is filed under Section 5401, the injury shall be presumed compensable under this division. The presumption is rebuttable only by evidence discovered subsequent to the 90-day period."

The matter was heard and submitted to the presiding workers' compensation judge (WCJ) on April 2, 1997. On May 20, 1997, the WCJ issued an award, finding that Simplot had not denied the claim within the 90 days specified in section 5402. The WCJ therefore applied the statutory presumption, concluded Maranian had sustained a work-related injury, and awarded benefits. Had he been allowed to testify at trial, Simplot's medical expert would have taken the position there was no reasonable medical probability of a relationship between Maranian's occupational exposure to agricultural chemicals and his leukemia.

On June 6, 1997, Simplot filed a petition with respondent WCAB seeking reconsideration of the WCJ's award in favor of Maranian. On July 11, 1997, the WCJ filed an amended award correcting an omission in the initial award. Simplot filed a new petition for reconsideration with the WCAB on July 24, 1997.

On September 22, 1997, the WCAB issued an order granting Simplot's petition for reconsideration, on the ground the record did not support the WCJ's factual finding with respect to the date Simplot received Maranian's claim, and ordered that the record be more fully developed on this issue.

Depositions of various employees at Simplot were taken and the parties returned to trial. On March 16, 1999, the WCJ issued a new award, again finding in favor of Maranian. The WCJ determined that the company's denial was untimely under section 5402 because the only reasonable inference to be drawn from the evidence was that the claim had been received by Simplot before September 15, 1994. As a result, the WCJ again applied the statutory presumption and awarded Maranian benefits.

Simplot filed a third petition for reconsideration with WCAB, challenging the WCJ's March 16 order. On June 4, 1999, the WCAB granted the petition, vacated the order, and remanded the matter for a trial on the merits of Maranian's claim, both as to liability and benefits. The WCAB made the following specific findings:

"1. [Maranian's] claim of injury, mailed to [Simplot] on September 2, 1994, was denied by [Simplot] within 90 days after its receipt by [Simplot].

2. The Labor Code section 5402 presumption of compensability is not applicable to [Maranian's] claim herein."

Maranian filed his petition for writ of review with this court on July 19, 1999. We issued the writ on November 10, 1999.

## DISCUSSION

### I.

#### A.

The WCAB decision challenged by Maranian did not decide the merits of Maranian's claim for compensation, and it is possible Maranian may succeed, at the ordered plenary trial, in proving liability and a right to the benefits he wants. Were the usual rules of civil appellate practice to apply, the WCAB's order would not be a "final," and therefore not an appealable, order. (See Code Civ. Proc., § 904.1; *Rao v. Campo* (1991) 233 Cal.App.3d 1557, 1565 [285 Cal.Rptr. 691]; *Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 963 [231 Cal.Rptr. 241]; *Safeway, supra,* 104 Cal.App.3d at pp. 539-540 (dis. opn. of Elkington, Acting P. J.).) The well-known final judgment rule that governs general civil appeals was designed to prevent costly piecemeal dispositions and multiple reviews which burden the courts and impede the judicial process. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 741, fn. 9 [29 Cal.Rptr.2d 804, 872 P.2d 143].) This final judgment rule, however, has not held sway with respect to many decisions of the WCAB, and section 5950, which authorizes a disaffected party in a compensation proceeding to petition for a writ of review from WCAB "order[s], decision[s] or award[s]," has not been found by the few pertinent cases to preclude review of selected interlocutory decisions of the Board. (See, e.g., *Safeway, supra,* 104 Cal.App.3d at p. 531; *Graham v. Workers' Comp. Appeals Bd.* (1989) 210 Cal.App.3d 499, 503 [258 Cal.Rptr. 376]; *Kosowski v. Workers' Comp. Appeals Bd.* (1985) 170 Cal.App.3d 632, 636 [216 Cal.Rptr. 280].)

 Given the interim nature of the order in issue here and what we perceive to be a paucity of relevant case law, we directed the parties to file supplemental briefing on the question whether the WCAB's June 4, 1999 order was one to which section 5950 applied. We will hold that it is.

#### B.

Section 5950 provides: "Any person affected by an order, decision, or award of the appeals board may, within the time limit specified in this

section, apply to the Supreme Court or to the court of appeal for the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration. The application for writ of review must be made within 45 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 45 days after the filing of the order, decision, or award following reconsideration." (§ 5950.)[2]

■ Though on its face this statute would seem to cover without restriction any order of the WCAB, in fact only those orders, decisions and awards of the WCAB deemed to be final have been held to be within section 5950.[3] (*Safeway, supra,* 104 Cal.App.3d at p. 534.) This judicial gloss upon section 5950 derives from the text and effect of section 5900, which governs the Board's authority to review its own decisions and those of the workers' compensation judges. (*Safeway, supra,* at pp. 533-534.) ■ Section 5900 gives any person "aggrieved directly or indirectly by any final order, decision, or award made and filed by the appeals board or a workers' compensation judge under any provision contained in [the statute]" the right to "petition the appeals board for reconsideration in respect to any matters determined or covered by the final order, decision or award. . . ." The purpose of the section is to allow reconsideration, in the context of a specific, framed challenge, of a matter which has been heard only once previously. (§ 5902; *Goodrich v. Ind. Acc. Com.* (1943) 22 Cal.2d 604, 612 [140 P.2d 405].) The power to reconsider affords the WCAB an opportunity to review its own decisions and the decisions of the WCJ's "in house," by applying the Board's administrative expertise to rectify errors, when required, prior to judicial involvement. (See *U.S. Auto Stores v. Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 469, 477 [93 Cal.Rptr. 575, 482 P.2d 199].)[4]

---

[2]The Legislature's authority to prescribe the manner by which workers' compensation decisions shall be subject to review by the appellate courts is found in the California Constitution. (Cal. Const., art. XIV, § 4.)

[3]The scope of judicial review is expressly limited. Section 5952 provides that review shall not extend beyond a determination of whether:

"(a) The appeals board acted without or in excess of its powers.

"(b) The order, decision, or award was procured by fraud.

"(c) The order, decision, or award was unreasonable.

"(d) The order, decision or award was not supported by substantial evidence.

"(e) If findings of fact are made, such findings of fact support the order, decision or award under review." (§ 5952.)

The court is not permitted to hold a trial de novo, take further evidence or exercise its independent judgment on the evidence. (§ 5952.) The findings of the WCAB on questions of fact are conclusive and not subject to review. (§ 5953.)

[4]The WCAB may affirm, rescind, or modify the order, on the record before it or after ordering additional evidence. (§§ 5906, 5907, 5908.) The WCAB may also deny the petition,

A "final order" for purposes of section 5900 includes any order which settles, for purposes of the compensation proceeding, an issue critical to the claim for benefits, whether or not it resolves all the issues in the proceeding or represents a decision on the right to benefits. (*Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd.* (1978) 82 Cal.App.3d 39, 45 [147 Cal.Rptr. 30]; *Safeway, supra,* 104 Cal.App.3d 528, 534-535; *Rymer v. Hagler* (1989) 211 Cal.App.3d 1171, 1179 [260 Cal.Rptr. 76]; 2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (2d rev. ed. 1995) § 28.04, pp. 28-12 to 28-14.)

"For example, an interim order of the Board or a WCJ that presents a threshold issue is deemed to be final, and may properly be the subject of a petition for reconsideration. A threshold issue is an issue that is basic to the establishment of the employee's rights to benefits, such as the territorial jurisdiction of the Board, the existence of the employment relationship, and statute of limitations issues. Likewise, the term 'final order' includes orders dismissing a party, rejecting an affirmative defense, granting commutation, terminating liability, and determining whether the employer has provided compensation coverage." (2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation, *supra,* § 28.04, pp. 28-12 to 28-13, fns. omitted; see also *Kosowski v. Workers' Comp. Appeals Bd., supra,* 170 Cal.App.3d 632, 636, fn. 2; *Safeway, supra,* 104 Cal.App.3d at p. 533.)

It follows that interim orders, which do not decide a threshold issue, such as intermediate procedural or evidentiary decisions, are not "final" for purposes of section 5900. (See *Safeway, supra,* 104 Cal.App.3d at p. 534; *Hughes v. Willig Freight* (1981) 46 Cal.Comp.Cases 685, 688.)[5] In *Hughes v. Willig Freight, supra,* 46 Cal.Comp.Cases 685, the WCAB, sitting en banc, denied a petition for reconsideration of an order directing the exhumation and autopsy of a deceased worker because the order was not "final" under section 5900. In doing so, the WCAB characterized the order as one regulating the production of evidence and not one determining a substantial right. It considered the applicable authority, the policy reasons supporting the need for prompt action, and the practical concerns affecting the conduct of compensation proceedings. After full evaluation of all of the pertinent

expressly (§§ 5901, 5908.5) or by inaction (§ 5909). The WCAB's express decision to grant or deny a petition for reconsideration must be in writing and must state the evidence relied upon and specify in detail the reasons for the decision. (§ 5908.5.) This requirement allows meaningful judicial review of the decision. (*Patterson v. Workers' Comp. Appeals Bd.* (1975) 53 Cal.App.3d 916, 924 [126 Cal.Rptr. 182].)

[5]It has been held that whether an issue may later become moot after a full determination of benefits does not determine the availability of review under the statutory scheme. (See *Department of Justice v. Workers' Comp. Appeals Bd.* (1989) 213 Cal.App.3d 194, 198 [261 Cal.Rptr. 130].)

factors, the WCAB concluded the order was not final and therefore not appropriate for reconsideration. (46 Cal.Comp.Cases at p. 688.)

The characterization of an order as final and therefore susceptible to Board reconsideration has critical consequences. For example, the failure of the aggrieved party to petition timely for reconsideration of such an order bars later challenge to the propriety of the order before the WCAB or before the courts. (See *Rymer v. Hagler, supra,* 211 Cal.App.3d at p. 1180; *Scott v. Workers' Comp. Appeals Bd.* (1981) 122 Cal.App.3d 979, 984 [176 Cal.Rptr. 267].) Also, the failure of the aggrieved party to raise in the petition for reconsideration a particular "objection[], irregularit[y], [or] illegalit[y]" waives the issue forever and the party may not present it in a subsequent petition to the WCAB or in a petition to the court under section 5950. (§ 5904; *U.S. Auto Stores v. Workmen's Comp. Appeals Bd., supra,* 4 Cal.3d at pp. 476-477; *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd., supra,* 82 Cal.App.3d at p. 44; *Chevron U.S.A., Inc. v. Workers' Comp. Appeals Bd.* (1990) 219 Cal.App.3d 1265, 1273 [268 Cal.Rptr. 699]; *Anderson-Cottonwood Disposal Service v. Workers' Comp. Appeals Bd.* (1982) 135 Cal.App.3d 326, 334 [185 Cal.Rptr. 336].)

Drawing on section 5900, the court in *Safeway* concluded that the standard for determining what decisions are subject to reconsideration under section 5900 and the standard for determining what decisions are reviewable under section 5950 should be similar. As the *Safeway* court put it, "[w]hether severance and preliminary determination of threshold issues will serve statutory policy in a particular case is a question which ought to be decided, in the first instance, by the Board. Viewing sections 5900 and 5950 as establishing similar tests of ripeness will permit the appellate court to accord appropriate deference to the Board's judgment." (*Safeway, supra,* 104 Cal.App.3d at p. 535.)

*Safeway* involved a WCJ decision, in a bifurcated hearing, against the employee on a coverage issue (the application of the special mission exception to the "going and coming" rule). The employee petitioned the WCAB for reconsideration. The WCAB granted reconsideration, found in favor of the employee, i.e., that the injury was compensable, and remanded the matter for further hearing and decision on the other issues raised by the employee's claim. The employer sought section 5950 judicial review of the WCAB order on reconsideration.

The court in *Safeway* examined the policies supporting piecemeal review during compensation proceedings in defiance of the usual rule requiring finality. It pointed out that judicial review of Board orders determining threshold issues may in many cases better serve the statutory scheme and its

objectives of expedition and economy by avoiding unnecessary litigation, that the courts are not obliged to grant every petition for review that is filed, that adequate safeguards in the form of monetary sanctions exist to protect against abuse of the appellate process, and that permitting interim review would avoid prejudice to a party who fails to seek review of an order determined to be final despite a remand by the Board. (*Safeway, supra,* 104 Cal.App.3d at 533-534.) The court ultimately held that "the Board did not err in finding that [the employee's] injury arose out of and in the course of his employment." (*Id.* at p. 538.)

The *Safeway* court in part relied upon the only decision then existing on the subject of finality, *Gumilla v. Industrial Acc. Com.* (1921) 187 Cal. 638 [203 P. 397] (*Gumilla*), which did not address the issue faced in *Safeway* or in our case, to wit, whether judicial review is appropriate of a WCAB order issued before final administrative adjudication of the right to compensation. In *Gumilla,* the claimants sought review of an order of the Industrial Accident Commission (now the WCAB) granting the employer's petition for rehearing, the statutory predecessor to reconsideration. The commission had previously decided the question of the claimant's entitlement to benefits, yet agreed to rehear the matter. The employer's petition had been filed several days late, but the commission granted it nonetheless because the employer had shown excusable neglect. The claimants filed their petition for writ of review from the commission's order granting a rehearing, even though the commission had not yet reheard the case or rendered a decision. The Supreme Court held that the writ of review did not lie because the order granting a rehearing was not a final adjudication by the commission. The petitioners' remedy was to await the commission's final decision on rehearing and petition for rehearing so as to challenge the commission's jurisdiction to issue its final order. (*Gumilla, supra,* 187 Cal. at pp. 639-640.)

*Safeway* has been followed, expressly or implicitly, in several subsequent appellate decisions, occasionally with comment. (See *Kosowski v. Workers' Comp. Appeals Bd., supra,* 170 Cal.App.3d at p. 636 [employer entitled to credit the self-employment earnings of employee against § 4850 payments]; *Ameri-Medical Corp. v. Workers' Comp. Appeals Bd.* (1996) 42 Cal.App.4th 1260, 1270, fn. 12 [50 Cal.Rptr.2d 366] [validity and effect of § 4628, subd. (d) and discovery relating to medical clinic claim for reimbursement].) One court has remarked that the upshot of *Safeway* is the placement of the jurisdiction of the courts under section 5950 in the hands of the WCAB, because a decision by the Board to grant a petition for reconsideration under section 5900 means that the WCAB's "subsequent decision is 'final' for purposes of appellate review." (*Kosowski v. Workers' Comp. Appeals Bd., supra,* 170 Cal.App.3d at p. 636, fn. 2.) Some published decisions address

issues on writs of review without reference to *Safeway* or section 5950. (See for example *Hansen v. Workers' Comp. Appeals Bd.* (1989) 211 Cal.App.3d 717 [259 Cal.Rptr. 506] [venue of defense medical examination; WCAB denied removal petition]; *Department of Justice v. Workers' Comp. Appeals Bd., supra,* 213 Cal.App.3d at p. 198 [jurisdiction of WCAB]; *Shipley v. Workers' Comp. Appeals Bd.* (1992) 7 Cal.App.4th 1104, 1107-1108 [9 Cal.Rptr.2d 345] [denial of § 5900 petition by operation of law].) Other cases exist that refuse review where the WCAB remanded for trial after vacating the WCJ's decision. (See *Southern Cal RTD v. Workers' Comp. Appeals Bd.* (1976) 41 Cal.Comp.Cases 350 [Board reversed WCJ's decision that statute of limitations barred employee's claim.].)

## C.

■■■ We agree with the analysis and result in *Safeway* and therefore adopt its holding that the test under section 5950 is the same as the test under section 5900—that is, a petition for review of an order by the WCAB lies when the order conclusively determines, for purposes of the compensation proceeding, a substantial issue basic to the employee's entitlement to benefits. (*Safeway, supra,* 104 Cal.App.3d at p. 534.) We concede we find nothing in the relevant statutes that would preclude application of the traditional "one final judgment" rule to section 5950. The Labor Code provisions authorizing petitions for reconsideration, prescribing the formal requirements of such petitions and establishing sanctions for noncompliance identify the issues available for judicial review but do not purport to peg the time when review must be given by the courts to such preserved issues. However, we are persuaded, as was the *Safeway* court, that the "statutory scheme and its objectives" will be better served by permitting interim appeals of WCAB decisions resolving issues crucial to the employee's right to receive benefits. (104 Cal.App.3d at p. 533.) The early disposition of these core questions will likely promote expedition and frugality by avoiding unnecessary trials or duplicative retrials on the merits.[6]

Also, we are not entirely convinced that *Safeway* abandons section 5950 judicial jurisdiction to the WCAB. (See *Kosowski v. Workers' Comp. Appeals*

---

[6]Echoing *Safeway,* we point out that the Courts of Appeal are not required to hear the merits of every petition presented under section 5950; whether to grant a petition for writ of review remains discretionary even if the Board order in question is final. (See *Safeway, supra,* 104 Cal.App.3d at p. 534; *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd.* (1978) 87 Cal.App.3d 336, 347 [151 Cal.Rptr. 368].) Given our decision to issue the writ in this case, we need not now, and thus do not, address whether an appellate court's summary denial of a section 5950 petition for a writ of review of an interim final Board order establishes the law of the case. (See *Kowis v. Howard* (1992) 3 Cal.4th 888, 899 [12 Cal.Rptr.2d 728, 838 P.2d 250] [pretrial petitions for mandate or prohibition]; *id.* at p. 901 [motions to dismiss appeal].) The lack of direct case authority on this point suggests that the Court of Appeal, when it denies a petition for a writ of review because the WCAB order under scrutiny is not final, should note, for record keeping purposes, this reason in the order refusing review,

*Bd., supra,* 170 Cal.App.3d at p. 636.) To say that the test of finality under sections 5900 and 5950 is the same or similar is not also to say that the outcome of a WCAB decision to reconsider will invariably result in a final order for purposes of section 5950. First, there likely are instances where a petition for reconsideration of a final order is granted by the WCAB but the Board's decision on reconsideration is not final with respect to some or all of the issues raised in the reconsideration petition. A perfect example of this situation appears in the record of this case. The WCAB granted Industrial's first reconsideration petition challenging the application of the statutory presumption but remanded the matter to the WCJ for further proceedings to develop the record more fully *on the issue.* Had a petition for a writ of review under section 5950 been filed by Maranian at that point, we are satisfied such petition would have been denied as premature, there being no final decision by the Board concerning the applicability of the presumption. (See *Gumilla, supra,* 187 Cal. at p. 640.) Second, though we agree that deference should be accorded to WCAB policy decisions to reconsider interim final orders, in recognition of the particular expertise of the WCAB and its specialization in administering the workers' compensation laws (see *Yamaha Corp. of America v. State Bd. of Equalization* (1999) 73 Cal.App.4th 338, 350-351 [86 Cal.Rptr.2d 362]), the courts are not obliged to follow Board decisions found to be erroneous.

The WCAB, by granting Industrial's petition for reconsideration, necessarily found the WCJ's ruling applying the presumption to be a final order under section 5900. In a letter brief filed in this appeal, however, the WCAB takes the position its determination that the presumption did not apply was not final for purposes of section 5950 because Maranian's claim for benefits was not authoritatively resolved by the Board's order remanding for a full trial.[7] This position appears to be consistent with those cases holding that writ review is premature when the Board's decision leaves open the possibility of a recovery by the claimant. (See *Southern Cal RTD v. Workers' Comp. Appeals Bd., supra,* 41 Cal.Comp.Cases at p. 351.)

In effect, the WCAB wants us to engraft the final judgment rule onto section 5950; that is, that a petition for writ of review lies only from a Board order which constitutes the agency's last word on the employee's claim, whether favorable or unfavorable to the employee. This alternative, urged by the dissent in *Safeway,* was rejected by the majority, which entertained the

---

even though the issue of finality may remain open for later consideration. (*Id.* at p. 901 [motions to dismiss appeal].)

[7] The WCAB obviously agreed the WCJ's order was final for purposes of section 5900, because it granted Industrial's petition for reconsideration; had the order not been final, the WCAB should not have agreed to reconsider.

employer's petition even though the WCAB order in issue remanded for trial on the merits of the employee's claim.

We decline to go along with the Board. Though the Legislature well knows how to be specific in setting the standards governing appellate review (see Code Civ. Proc., § 904.1), section 5950 is cast in general language, and, as we noted earlier, would if read literally authorize petitions for writs of review to be taken from any WCAB order, regardless of the order's subject or effect. *Safeway*'s restriction on this broad language was announced in 1980. In the intervening 20 years the statute has not been amended to negate the *Safeway* annotation. We take this inaction as an expression of the Legislature's satisfaction with the principles of *Safeway*. While we agree that a failure to act by the lawmakers in the face of a judicial decision construing a statute is not conclusive in determining the legislative intent behind the statute (*Massey v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 674, 683 [20 Cal.Rptr.2d 825, 854 P.2d 117]), we think the long quiet interval here gives rise to as strong an arguable inference of acquiescence as is possible. (*Ibid.*)

## II.

Industrial's petition for reconsideration raised, and the WCAB's reconsideration decision was a final ruling on, a threshold issue affecting a substantial right under the *Safeway* standard. Whether the evidence concerning Maranian's mailing and Simplot's handling and receipt of the compensation claim invoked the presumption of section 5402 is pivotal to the question of Maranian's entitlement to benefits. A legally incorrect decision by the WCAB applying the presumption would prevent Industrial from exercising a substantial right to which it is lawfully entitled—contesting liability at trial. A legally incorrect decision by the WCAB barring application of the presumption would prevent Maranian from exercising a substantial right to which he is lawfully entitled—the benefit of the statutory presumption. We do not know what evidence the parties will likely introduce at a trial in support of their respective positions on the issue of liability. While we thus cannot say it is more probable than not that Maranian will succeed in establishing his entitlement to benefits, it is not unreasonable to expect that the WCAB's order on reconsideration could be outcome-determinative on the question of liability.

The applicability of the presumption is also determinative of the scope of the trial. With the aid of the presumption, Maranian is entitled to compensation as a matter of law; without the aid of the presumption, Maranian's eligibility for benefits would depend upon the sufficiency of the case made

by Maranian at trial. If the presumption is enforced, the evidence at trial will be limited to appropriate benefits; if the presumption is not enforced, the evidence at trial must encompass both liability and benefits, undoubtedly a lengthier and more costly proceeding than one where the presumption forecloses all disputes about liability. Thus, an authoritative pretrial decision about the presumption's application in this case will promote both efficiency and economy, by on the one hand avoiding the waste of a plenary trial on liability and on the other by avoiding a duplicate or wasteful retrial on benefits.

In our estimation, then, these characteristics of the WCAB's decision on reconsideration bring it within the ambit of the *Safeway* rule. (*Safeway, supra,* 104 Cal.App.3d 528, 534-535; *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd., supra,* 82 Cal.App.3d at p. 45; *Rymer v. Hagler, supra,* 211 Cal.App.3d at p. 1179; 2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation, *supra,* § 28.04, pp. 28-12 to 28-14.)

III.*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment (order) of the WCAB is affirmed.

Ardaiz, P. J., and Buckley, J., concurred.

---

*See footnote, *ante,* page 1068.