[No. F046106. Fifth Dist. June 28, 2005.]

STANLEY MARSH, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, STANLEY
BOSTITCH et al., Respondents.

**COUNSEL**

John H. Mitchell Law Corporation, John H. Mitchell and Darin L. Powell for Petitioner.

Law Offices of Richard J. Yrulegui and Stephen B. Roberts for Respondents Stanley Bostitch and Constitution State Service Company.

No appearance for Respondent Workers' Compensation Appeals Board.

**OPINION**

**VARTABEDIAN, Acting P. J.**—Stanley Marsh (Marsh) petitions this court to review the lawfulness of an opinion of the Workers' Compensation Appeals Board (WCAB). (Lab. Code,[1] § 5950; Cal. Rules of Court, rule 57.) We are called upon to determine the applicability of the new apportionment

---

[1] Further statutory references are to the Labor Code.

provisions enacted by the 2004 workers' compensation reform legislation under Senate Bill No. 899 (Sen. Bill 899) to a decision pending before the WCAB on reconsideration.

After a workers' compensation judge (WCJ) found Marsh's employer fully liable for Marsh's disability award, the WCAB granted reconsideration and ordered a rehearing to consider the applicability of the new apportionment provisions under Sen. Bill 899, enacted as urgency legislation 10 days after the WCJ issued the findings and award. (Stats. 2004, ch. 34, §1.) Agreeing with *Kleemann v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 274 [25 Cal.Rptr.3d 448] (*Kleemann*),[2] we conclude the apportionment provisions of Sen. Bill 899 must be applied to all cases such as Marsh's not yet final at the time of the legislative enactment on April 19, 2004, regardless of the earlier dates of injury and any interim decision.

## BACKGROUND

On August 12, 1999, Marsh injured his back while working as a welder for Stanley Bostitch in Visalia.[3] In September 2000, the parties stipulated the injury caused Marsh to suffer a 46 percent level of permanent disability based on Dr. Arthur H. Holmboe's agreed medical examination. The stipulation provided Stanley Bostitch would compensate Marsh a total of $40,460, less attorney fees, plus future related medical treatment. A WCJ approved the agreement and issued an appropriate award in March 2001.

In November 2001, Marsh timely petitioned the WCAB to reopen his disability claim by alleging the industrial injury caused new and further disability. (§§ 5410, 5803.) Marsh alleged his primary treating physician removed him from all work activities as a result of a marked increase in back pain. At a February 2004 hearing, the parties submitted the issues of permanent disability, apportionment, and attorney fees on the written record.

On April 9, 2004, the WCJ's findings and award concluded that, in accord with Dr. Holmboe's medical opinion, Marsh's level of permanent disability increased to 70 percent, amounting to $98,095 plus a life pension. (§ 4659.)

---

[2] The Supreme Court denied review of *Kleemann* on May 11, 2005 (S132853).

[3] At the time of Marsh's injury, Stanley Bostitch was permissibly self-insured for purposes of workers' compensation. (§ 3700, subd. (b).) Further references to Stanley Bostitch include its third party administrator, respondent Constitution State Service Company.

The WCJ noted that Dr. Holmboe's report "suggests" Marsh's increased disability was caused equally by the industrial injury and by osteopenia[4] and that Dr. Holmboe "thought" Marsh sustained subsequent compression fractures; however, Stanley Bostitch failed to present supporting medical evidence sufficient to meet its burden of proof in establishing apportionment under section 4663 or former section 4750.5 as then in effect. Accordingly, the WCJ declined to apportion the award and found Stanley Bostitch liable for the full amount of Marsh's 70 percent disability.

On April 19, 2004, 10 days after the WCJ's determination, the Legislature enacted a series of reforms to the workers' compensation system as part of Sen. Bill 899. Significantly, the Legislature repealed and replaced the apportionment statutes relied upon by the WCJ.

Stanley Bostitch petitioned the WCAB to reconsider the WCJ's decision in light of the new apportionment laws. Over the WCJ's objection, the WCAB granted reconsideration and returned the case to the trial level to consider whether Sen. Bill 899 should be applied to the WCJ's decision and, if so, whether the new provisions required a different outcome. Preempting the WCJ from readdressing the matter, Marsh petitioned this court for a writ of review, which we granted to examine the applicable effective date of Sen. Bill 899's apportionment statutes.

## DISCUSSION

■ " 'Apportionment is the process employed by the [WCAB] to segregate the residuals of an industrial injury from those attributable to other industrial injuries, or to nonindustrial factors, in order to fairly allocate the legal responsibility.' " (*Fresno Unified School Dist. v. Workers' Comp. Appeals Bd.* (2000) 84 Cal.App.4th 1295, 1304 [101 Cal.Rptr.2d 569] (*FUSD*), brackets in original, citing *Ashley v. Workers' Comp. Appeals Bd.* (1995) 37 Cal.App.4th 320, 326 [43 Cal.Rptr.2d 589]; see also 1 Hanna, Law of Employee Injuries and Workers' Compensation (rev. 2d ed. 2004) § 8.05[1].) " 'Generally, an employer is held responsible in the workers' compensation system only for the disability of an injured employee arising from the particular employment with that employer, but not for disability fairly attributable to periods of employment elsewhere or to nonindustrial conditions.' " (*FUSD*, at p. 1304.)

At the time of the WCJ's original findings and award on April 9, 2004, three statutes primarily governed apportionment: "Two sections, 4750 and

---

[4] Osteopenia is a "condition of bone in which decreased calcification, decreased density, or reduced mass occurs." (Stedman's Medical Dict. (2001) p. 590.)

4663, appl[ied] to antecedent injuries. Section 4750 relieve[d] an employer from the burden of compensating an injured worker for disability attributable to a preexisting permanent disability or physical impairment. Section 4663 [did] the same when an injured worker's disability is partially attributable to a preexisting disease or condition. The third, section 4750.5, deal[t] with subsequent injuries." (*FUSD, supra,* 84 Cal.App.4th at p. 1305.)

■ Before the enactment of Sen. Bill 899, apportionment was "concerned with the disability, not its cause or pathology." (*FUSD, supra,* 84 Cal.App.4th at p. 1304.) Apportioning an employee's level of permanent disability required the WCAB to consider "the open labor market as compared to the worker's age, occupation, nature of physical injury or disfigurement, and ability to be rehabilitated." (*Ibid.*) Because the statutes focused on disability, an employer could be liable to the full extent an industrial injury accelerates, aggravates, or "lights up" a nondisabling preexisting disease, condition, or physical impairment. (*Pullman Kellogg v. Workers' Comp. Appeals Bd.* (1980) 26 Cal.3d 450, 454 [161 Cal.Rptr. 783, 605 P.2d 422]; *Ballard v. Workmen's Comp. App. Bd.* (1971) 3 Cal.3d 832, 837 [92 Cal.Rptr. 1, 478 P.2d 937]; *Franklin v. Workers' Comp. Appeals Bd.* (1978) 79 Cal.App.3d 224, 237 [145 Cal.Rptr. 22].)

As part of Sen. Bill 899, the Legislature repealed sections 4663, 4750, and 4750.5 and enacted new sections 4663 and 4664. (Stats. 2004, ch. 34, §§ 33–35.) Under the revised workers' compensation system, "Apportionment of permanent disability shall be based on causation." (§ 4663, subd. (a).) An employer is now only "liable for the percentage of permanent disability *directly* caused by the injury arising out of and occurring in the course of employment." (§ 4664, subd. (a), italics added.)[5]

Citing the law then in existence, the WCJ prefaced the April 9, 2004, findings and award by noting: "In California, apportionment of permanent disability cannot be attributed to causation nor to pathology." The WCJ then appropriately analyzed whether Marsh's disability partially resulted from naturally occurring osteopenia under section 4663 or unrelated subsequent compression fractures under former section 4750.5. Concluding Stanley

---

[5] Moreover, the WCAB must now "conclusively presume[]" that where an injured employee has received a prior permanent disability award, that level of disability exists at the time of any subsequent injury. (§ 4664, subd. (b).) Multiple permanent disability awards with respect to a single body region may no longer exceed 100 percent over the employee's lifetime unless the employee is deemed totally disabled. (§ 4664, subd. (c).) To aid the WCAB in apportioning liability, medical reports addressing permanent disability must specify "what approximate percentage of the permanent disability was caused by the direct result of injury arising out of and occurring in the course of employment and what approximate percentage of the permanent disability was caused by other factors both before and subsequent to the industrial injury, including prior industrial injuries." (§ 4663, subd. (c).)

Bostitch failed to prove either theory with substantial medical evidence, the WCJ found Stanley Bostitch liable for the full extent of Marsh's resulting disability.

Marsh contends the WCAB exceeded its powers by remanding the matter to the WCJ to determine whether Sen. Bill 899 applied under the express terms of the legislation. Section 47 of Sen. Bill 899 provides: "The amendment, addition, or repeal of, any provision of law made by this act shall apply prospectively from the date of enactment of this act, regardless of the date of injury, unless otherwise specified, but shall not constitute good cause to reopen or rescind, alter, or amend any existing order, decision, or award of the Workers' Compensation Appeals Board." (Stats. 2004, ch. 34, § 47.)

█ As an urgency statute, Sen. Bill 899 became effective immediately upon chaptering on April 19, 2004, "[i]n order to provide relief to the state from the effects of the current workers' compensation crisis at the earliest possible time . . . ." (Stats. 2004, ch. 34, § 49.)

Marsh contends the WCJ's April 9, 2004, findings and award assessing full liability against Stanley Bostitch constitutes an "existing order, decision, or award" specifically prohibited from retroactive application of Sen. Bill 899 under section 47. Marsh asserts the WCJ's reading of the legislation comports with the declared public policy and the constitutional directive for the Legislature to create a workers' compensation system so as to "accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character." (Cal. Const., art. XIV, § 4.)

To facilitate this constitutional policy, Marsh asks this court to rely on the WCAB's en banc decision in *Scheftner v. Rio Linda School District* (2004) 69 Cal.Comp.Cases 1281 (*Scheftner*), decided after Marsh petitioned this court for writ review. *Scheftner* specifically addressed whether the recent apportionment reforms apply to cases pending at the time of the enactment of Sen. Bill 899. In *Scheftner*, the majority of the WCAB commissioners concluded that the legislative prohibition against reopening, rescinding, altering, or amending "any existing order, decision, or award" as a result of the passage of Sen. Bill 899 encompassed nonfinal interim orders, such as orders closing discovery and submittal orders. (*Scheftner, supra,* at pp. 1286–1288.) Over strongly worded dissents, the majority held that to conclude otherwise would countermine the Legislature's stated purpose of providing relief from the effects of the current workers' compensation crisis "at the earliest possible time" and for Sen. Bill 899 to "take effect 'immediately.'" (*Scheftner, supra,* at p. 1288.)

█ While a WCAB en banc decision is binding legal precedent on all three-member WCAB panels and individual WCJ's (Cal. Code Regs., tit. 8,

§ 10341; *Gee v. Workers' Comp. Appeals Bd.* (2002) 96 Cal.App.4th 1418, 1424, fn. 6 [118 Cal.Rptr.2d 105]), it is useful to this court only to the extent it points out the WCAB's contemporaneous interpretation and application of the workers' compensation laws (*Smith v. Workers' Comp. Appeals Bd.* (2000) 79 Cal.App.4th 530, 537, fn. 2 [94 Cal.Rptr.2d 186]; *Victor Valley Transit Authority v. Workers' Comp. Appeals Bd.* (2000) 83 Cal.App.4th 1068, 1075, fn. 9 [100 Cal.Rptr.2d 235]). The persuasive weight of the WCAB's opinion is further diminished because the Third Appellate District has since granted writ review in *Scheftner* (*Rio Linda Union Elementary School Dist. v. Workers' Comp. Appeals Bd.* (C048298) writ of review issued Feb. 3, 2005). (Cf. Cal. Rules of Court, rule 976(d)(1) [appellate decision loses precedential value upon rehearing or Supreme Court review].) More significantly, the WCAB recently retracted from its *Scheftner* reasoning in *Escobedo v. Marshalls* (2005) 70 Cal.Comp.Cases 604 (en banc). ■ As an appellate court, we nevertheless review the application of legislation to undisputed facts de novo. (*Wright v. Beverly Fabrics, Inc.* (2002) 95 Cal.App.4th 346, 352 [115 Cal.Rptr.2d 503].) ■ "When interpreting or applying statutes to the facts, the Legislature's intent should be determined and given effect. [Citations.] The intent of the Legislature is generally determined from the plain or ordinary meaning of the statutory language, unless the language or intent is uncertain. [Citations.] Interpreting or applying statutes to the facts should be consistent with the purpose of the statute and the statutory scheme as a whole." (*Rea v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 625, 641 [25 Cal.Rptr.3d 828].)

Mindful of the *Scheftner* majority's practical considerations concerning the potential for delaying the proceedings because further discovery may be required, we are more persuaded by the Second Appellate District's more recent analysis of the Legislature's intent in *Kleemann, supra*, 127 Cal.App.4th 274. In *Kleemann*, the issue of a state employee's level of disability with prior injuries was submitted to the WCJ following a March 24, 2004, workers' compensation hearing. (*Id.* at pp. 279–280.) Shortly after the adoption of Sen. Bill 899, the WCJ vacated the submission, scheduled a status conference, and ordered the development of further medical evidence to consider the new apportionment laws. (*Kleemann, supra*, at p. 280.) The WCAB denied the employee's petition to remove the WCJ, expressly declining to decide whether Sen. Bill 899 applied to the pending claim. (*Kleemann, supra*, at p. 281.)

Reviewing the express language of Sen. Bill 899, *Kleemann* concluded "Section 47 unambiguously states that any amendment, addition or repeal under Bill 899 applies prospectively from the date of enactment, regardless of the date of injury, unless otherwise specified." (*Kleemann, supra*, 127 Cal.App.4th at p. 285.) Without finding any "otherwise specified" language, the *Kleemann* court determined the apportionment provisions under new

sections 4663 and 4664 apply to cases pending at the time Sen. Bill 899 became effective. (*Kleemann, supra,* at pp. 285–286.) Examining the phrase in section 47 that Sen. Bill 899 "shall not constitute good cause to reopen or rescind, alter, or amend any existing order, decision, or award," the court explained the language resembled that generally applied when the WCAB exercises its continuing jurisdiction to readdress a prior WCAB determination within five years from the date of injury for good cause or new and further disability under sections 5410, 5803, and 5804. (*Kleemann, supra,* at p. 287.) Those sections "normally apply to orders, decisions or awards that are beyond the reconsideration period under section 5900 et seq., or where appeals have been exhausted and a decision is final and no longer pending." (*Kleemann, supra,* at p. 287, fns. omitted.)

*Kleemann* continued: "Sections 5410, 5803 and 5804 do not apply in this matter. As indicated by the WCAB, [the employee] has the ability to petition for reconsideration of the final decision by the WCJ under section 5900 et seq. In addition, applying apportionment under new sections 4663 and 4664 does not in this case reopen, rescind, alter or amend a previous 'existing order, decision, or award' of permanent disability. There is no reimbursement of previously awarded compensation under the new statutes, [the employee] petitioned to reopen the Stipulations, and rehabilitation from permanent disability . . . and 'lighting up' a preexisting nondisabling disease process are questions of fact under former law and not vested rights. Therefore, [the employee's] claims are still pending and not final judgments, and sections 5410, 5803 and 5804 are not relevant. Consequently, application of Sen. Bill 899 is not precluded by Section 47." (*Kleemann, supra,* 127 Cal.App.4th at pp. 287–288, fn. omitted.)

Another division of the Second Appellate District agrees. Considering the applicability of Sen. Bill 899's section 47 to a new penalty provision under section 5814, the court concluded "there is nothing to reopen, rescind, alter, or amend" where the appellate process has not been exhausted and there is no final judgment. (*Green v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 1426, 1443 [26 Cal.Rptr.3d 527] (*Green*).)

"The term 'reopening' has a special meaning in this setting and typically refers to reopening an order, decision or award for new and further disability under section 5410. Similarly, the phrase 'rescind, alter, or amend' in Section 47 refers to the good cause needed under the WCAB's continuing jurisdiction to 'rescind, alter, or amend any order, decision, or award' under sections 5803 and 5804. Generally, sections 5410, 5803 and 5804 apply to orders, decisions or awards that are beyond the reconsideration period under section 5900 et seq., or where appeals have been exhausted and a decision is final or no longer pending.

"These statutes have no application here. [The employee] appealed the WCAB's decision, the appellate process has not been exhausted, and there is no final judgment. As there is nothing to reopen, rescind, alter, or amend, Section 47's prohibition against such action is inapplicable." (*Green, supra,* 127 Cal.App.4th at pp. 1442–1443, fns. omitted.)

■ This court also has found that, notwithstanding the WCAB's continuing jurisdiction to reopen, rescind, alter, or amend a disability award within five years from the date of injury, a WCAB decision becomes final for purposes of res judicata when it constitutes the last word of the rendering court and the appellate courts have denied review. (*Azadigian v. Workers' Comp. Appeals Bd.* (1992) 7 Cal.App.4th 372, 379 [8 Cal.Rptr.2d 643].) Marsh's claim that a WCJ's decision is final before the WCAB has issued its decision on reconsideration clearly contravenes the statutory scheme permitting WCAB reconsideration. (§ 5900 et seq.) "The power to reconsider affords the WCAB an opportunity to review its own decisions and the decisions of the WCJ's 'in house,' by applying the Board's administrative expertise to rectify errors, when required, prior to judicial involvement." (*Maranian v. Workers' Comp. Appeals Bd.* (2000) 81 Cal.App.4th 1068, 1074 [97 Cal.Rptr.2d 418].) The standard under which a WCJ or WCAB order, decision, or award is "final" for purposes of seeking reconsideration or appellate review is distinct from that when an order, decision, or award is "final" for purposes of applying the new apportionment provisions under Sen. Bill 899. A petition for WCAB reconsideration or appellate review "lies when the order conclusively determines, for purposes of the compensation proceeding, a substantial issue basic to the employee's entitlement to benefits." (*Maranian, supra,* at p. 1078.) Meanwhile, we conclude that a WCAB determination is "final" for purposes of considering apportionment under Sen. Bill 899 once the WCAB has issued a final judgment and the appellate process has been exhausted.

■ Marsh's workers' compensation claim remained pending before the WCAB when Stanley Bostitch exercised its right to request reconsideration of the WCJ's findings and award. The decision was not yet final for purposes of applying the new apportionment provisions because the WCAB's review would not "reopen or rescind, alter, or amend any existing order, decision or award" within the meaning of the WCAB's continuing jurisdiction to readdress a prior decision for good cause or a new and further disability. Since former sections 4663, 4750, and 4750.5 no longer existed after April 19, 2004, the WCAB should have determined—or remanded and instructed the WCJ to decide—whether new sections 4663 and 4664 applied under Marsh's particular factual circumstances as a partial defense to Stanley Bostitch's liability.

■ Marsh and the *Scheftner* majority suggest that applying Sen. Bill 899's apportionment provisions to pending cases may require reopening discovery and thus contravenes the constitutional mandate to administer a workers' compensation system "expeditiously, inexpensively, and without incumbrance of any character." (Cal. Const., art. XIV, § 4.) We agree that reopening discovery and further developing the record may well be required to consider apportionment under Sen. Bill 899, particularly in light of the new medical reporting requirements.[6] Causation must always be based on substantial evidence.[7]

■ Notwithstanding the potential for delay in a finite number of cases blindsided by Sen. Bill 899's immediate adoption, we are also reminded that the Legislature is "vested with plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workers' compensation . . . ." (Cal. Const., art. XIV, § 4.) In enacting Sen. Bill 899, the Legislature declared its intent "to provide relief to the state from the effects of the current workers' compensation crisis at the earliest possible time . . . ." (Stats. 2004, ch. 34, § 49.) We will not second-guess the Legislature's objective and design. "The balance between long-term savings in time and money, and enactment of additional procedural complexities, is, in the first instance, a policy consideration within the province of the Legislature." (*Kleemann, supra,* 127 Cal.App.4th at p. 288.)

---

[6] See footnote 5, *ante.* At oral argument, counsel for Stanley Bostitch suggested reopening discovery would be unnecessary here given Dr. Holmboe's medical reporting, which coincidentally addressed the new apportionment standard.

[7] As the WCAB recently explained in *Escobedo v. Marshalls, supra,* 70 Cal.Comp.Cases at page 621, to determine causality and apportionment under new sections 4663 and 4664, a medical opinion must include "the approximate percentages of permanent disability due to the direct results of the injury and the approximate percentage of permanent disability due to other factors . . . ." To constitute substantial evidence, "a medical opinion must be framed in terms of reasonable medical probability, it must not be speculative, it must be based on pertinent facts and on an adequate examination and history, and it must set forth reasoning in support of its conclusions. [¶] For example, if a physician opines that approximately 50% of an employee's back disability is directly caused by the industrial injury, the physician must explain how and why the disability is causally related to the industrial injury (e.g., the industrial injury resulted in surgery which caused vulnerability that necessitates certain restrictions) and how and why the injury is responsible for approximately 50% of the disability. And, if a physician opines that 50% of an employee's back disability is caused by degenerative disc disease, the physician must explain the nature of the degenerative disc disease, how and why it is causing permanent disability at the time of the evaluation, and how and why it is responsible for approximately 50% of the disability." (*Escobedo, supra,* at p. 621, fn. omitted.)

If such medical opinion is lacking in an apportionment issue pending before the WCAB or the appellate courts, the WCAB must be permitted to reopen the record so it may issue a decision supported by substantial evidence. " 'Based on sections 5701 and 5906, it is well established that the WCJ or the Board may not leave undeveloped matters which its acquired specialized knowledge should identify as requiring further evidence.' " (*Telles Transport, Inc. v. Workers' Comp. Appeals Bd.* (2001) 92 Cal.App.4th 1159, 1164 [112 Cal.Rptr.2d 540].)

## DISPOSITION

The order of the WCAB is affirmed to the extent the matter is remanded to consider whether Marsh's disability award should be apportioned under new sections 4663 and 4664 enacted by Sen. Bill 899. The parties shall bear their own costs associated with petitioning this court.

Wiseman, J., and Levy, J., concurred.