[No. B181664. Second Dist., Div. Four. Feb. 8, 2006.]

MANUEL CORTEZ, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and C.T. & F., INC.,
Respondents.

COUNSEL

Graiwer & Kaplan and Gary R. Kaplan for Petitioner.

Rifenbark & MacNeil and Diane Riave for Respondent C.T. & F., Inc.

No appearance for Respondent Workers' Compensation Appeals Board.

OPINION

EPSTEIN, P. J.—Both this case and its companion case, *Nunez v. Workers' Comp. Appeals Bd.* (2006) 136 Cal.App.4th 584 [38 Cal.Rptr.3d 914] (*Nunez*), concern the procedure to be applied for medical evaluation of a represented employee where the date of an industrial injury precedes January 1, 2005. In *Nunez*, we rejected the argument that the procedure enacted under Senate Bill No. 899 (Senate Bill 899) applies to such cases. In this case, we reject the claim that neither the new nor the former *procedure applies.*

Manuel Cortez petitions this court to annul the order of the Workers' Compensation Appeals Board (Board), which compels a medical evaluation by his employer, respondent C.T. & F., Inc., under former section 4062.[1] Cortez contends that there is no applicable medical evaluation and reporting procedure since his industrial injury occurred in 1999 and he is represented by counsel. The procedure of former section 4062 was repealed and replaced by the procedure of section 4062.2 under Sen. Bill 899, which states under subdivision (a) that, "Whenever a comprehensive medical evaluation is required to resolve any dispute arising out of an injury or a claimed injury occurring on or after January 1, 2005, and the employee is represented by an attorney, the evaluation shall be obtained only as provided in this section."

■ For the reasons stated in *Nunez*, we conclude that the medical evaluation and reporting procedure of former section 4062 applies where the employee is represented and the date of the industrial injury is prior to January 1, 2005. We affirm the Board's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, Manuel Cortez, sustained an industrial back injury on June 29, 1999, while working as a laborer for respondent, C.T. & F., Inc. The employer provided medical treatment and orthopedic consultation with Richard Feldman, M.D.

On October 24, 2001, Cortez and the employer entered into stipulations with request for award. The parties stipulated to 37 percent permanent disability based on the opinion of Dr. Feldman, and that future medical care beyond conservative treatment would be determined by orthopedist Andrew Sew Hoy, M.D., as an agreed medical evaluator.

Cortez filed a timely petition to reopen the stipulated award. He alleged new and further temporary and permanent disability, psychiatric disability, and the need for medical treatment and vocational rehabilitation. Cortez also procured medical treatment from orthopedist Archie Mays, M.D. Dr. Mays recommended psychological consultation for heightened anxiety.

The parties also obtained a medical report from Dr. Sew Hoy as an agreed medical evaluator. Dr. Sew Hoy recommended work restrictions that rated 48 percent permanent disability, but did not address psychiatric consultation.

---

[1] Former Labor Code section 4062 was amended on April 19, 2004, as part of the comprehensive workers' compensation reform under Sen. Bill 899.
All further statutory references are to the Labor Code.

The employer objected to the psychological consultation recommended by Dr. Mays, and offered Cortez the choice between three physicians as an agreed medical evaluator, including psychiatrist Solomon Perlo, M.D. Cortez did not respond, and the employer scheduled a medical evaluation with Dr. Perlo under the procedure of former section 4062.

Cortez informed the employer by letter that he would not attend the evaluation with Dr. Perlo because ". . . there are no statutory rules applicable to med-legal evaluations for represented workers with dates of injury prior to January 1, 2005." Cortez explained that the medical and evaluation procedures under former section 4060 et seq. had been repealed by Sen. Bill 899 and replaced by section 4062.2, which applies only to claims with a date of injury on or after January 1, 2005.

The employer petitioned the workers' compensation administrative law judge (WCJ) for an order compelling Cortez to attend a rescheduled evaluation with Dr. Perlo. The petition alleged that Cortez refused to attend the evaluation which would address the nature and extent of injury, causation, and the claim for various benefits. The appointment letters and Cortez's letter response were included as exhibits. The petition also included a proposed order that would suspend any proceeding for the collection of compensation under section 4053,[2] and bar the right to disability payments under section 4054,[3] should Cortez fail to attend the ordered evaluation.

The WCJ set the matter for conference and the parties appeared. The WCJ approved the employer's petition, adding a citation to section 5701[4] as authority.

Cortez petitioned the Board for reconsideration or removal under section 5310.[5] He contended that the procedure for medical evaluation in a

---

[2] Section 4053 states: "So long as the employee, after written request of the employer, fails or refuses to submit to such examination or in any way obstructs it, his right to begin or maintain any proceeding for the collection of compensation shall be suspended."

[3] Section 4054 provides: "If the employee fails or refuses to submit to examination after direction by the appeals board, or a referee thereof, or in any way obstructs the examination, his right to the disability payments which accrue during the period of such failure, refusal or obstruction, shall be barred."

[4] Section 5701 states in part: "The appeals board may also from time to time direct any employee claiming compensation to be examined by a regular physician. The testimony so taken and the results of any inspection or examination shall be reported to the appeals board for its consideration."

[5] " 'The appeals board may . . . remove to itself . . . the proceedings on any claim.' " Discovery or nonfinal orders may be subject to removal or review. (*Allison v. Workers' Comp. Appeals Bd.* (1999) 72 Cal.App.4th 654, 658 & fn. 2 [84 Cal.Rptr.2d 915].) Removal is an

represented case under former section 4060 et seq. had been repealed and replaced by section 4062.2, which is limited to a date of injury on or after January 1, 2005. The WCJ could have ordered a status examination under section 4050,[6] but a medical report for monitoring an employee's medical condition is not admissible for addressing the issues raised by the employer's petition.

The employer filed opposition arguing that the new procedure under Sen. Bill 899 is limited to a date of injury on or after April 19, 2004. The employer also argued that a defense medical evaluation report is admissible under other statutes such as section 4050.

The WCJ reported to the Board that reconsideration was inappropriate since the order to compel the employer's medical evaluation was a discovery order, not a "final" order, and that removal also should be denied because the employer is entitled to a medical evaluation with Dr. Perlo under former section 4062 and *Simi v. Sav-Max Foods, Inc.* (2005) 70 Cal.Comp.Cases 217 (*Simi*).[7]

The Board agreed with the WCJ that the order compelling a medical evaluation is a discovery order and not a "final" order, and dismissed the petition for reconsideration. The Board also concluded that there was no substantial prejudice or irreparable harm for the reasons stated by the WCJ, and denied removal.

Cortez petitions for writ of review.

---

extraordinary remedy which will be denied absent substantial prejudice or irreparable harm. (*Swedlow, Inc. v. Workers' Comp. Appeals Bd.* (1983) 48 Cal.Comp.Cases 476.)

[6] Section 4050 states: "Whenever the right to compensation under this division exists in favor of an employee, he shall, upon the written request of his employer, submit at reasonable intervals to examination by a practicing physician, provided and paid for by the employer, and shall likewise submit to examination at reasonable intervals by any physician selected by the administrative director or appeals board or referee thereof."

[7] In *Simi*, the employer petitioned to compel a reevaluation of a 2002 injury with a different physician, which the WCJ granted and the Board en banc affirmed after granting removal. The Board explained that under Sen. Bill 899, "the Legislature created a new procedure for obtaining medical-legal reports for injuries on or after January 1, 2005, but it did not retain any procedure for injuries before January 1, 2005." The Board reasoned that former section 4062 applied for injuries prior to January 1, 2005, under the reasoning of *Godinez v. Buffets, Inc.* (2004) 69 Cal.Comp.Cases 1311 (Board applied former section 4645 to find appeal of rehabilitation unit decision timely, since section 139.5, subdivision (c), which was repealed in 2003 and reenacted under Sen. Bill 899, expressly refers to former sections 4642 and 4644).

The employer has not filed a responsive pleading, although the employer's position is set forth in the opposition to Cortez's petition for reconsideration or removal.

## DISCUSSION

### I

Generally, factual findings that are supported by substantial evidence are affirmed upon review.[8] We review governing statutes de novo, but we accord considerable weight to the Board's interpretation and application of workers' compensation law.[9]

Cortez argues that since former section 4062 was repealed and section 4062 expressly limits a represented case to the procedure of section 4062.2, which applies only to a date of injury on or after January 1, 2005,[10] no applicable procedure remains in a represented case with a date of injury before January 1, 2005, and reliance on *Simi* was error.

For the reasons stated in *Nunez*, we conclude that the medical evaluation and reporting procedure of former section 4062 applies to represented cases with a date of injury before January 1, 2005.

### II

Cortez contends further that the WCJ's reliance on repealed law in ordering the medical evaluation with Dr. Perlo results in substantial prejudice

---

[8] *Western Growers Ins. Co. v. Workers' Comp. Appeals Bd.* (1993) 16 Cal.App.4th 227, 233 [20 Cal.Rptr.2d 26].

[9] *Boehm & Assocs. v. Workers' Comp. Appeals Bd.* (1999) 76 Cal.App.4th 513, 515–516 [90 Cal.Rptr.2d 486]; *Ralphs Grocery Co. v. Workers' Comp. Appeals Bd.* (1995) 38 Cal.App.4th 820, 828 [45 Cal.Rptr.2d 197].

[10] Effective July 16, 2003, former section 4062 was repealed and reenacted by Senate Bill No. 228, which added procedures for objecting to spinal surgery recommended by the treating physician.

Former section 4062 as reenacted by Senate Bill No. 228 was amended by Senate Bill 899. Section 4062, subdivision (a) now states in part: "If the employee is represented by an attorney, a medical evaluation to determine the disputed medical issue shall be obtained as provided in Section 4062.2, and no other medical evaluation shall be obtained."

Section 4062.2, subdivision (a) provides: "Whenever a comprehensive medical evaluation is required to resolve any dispute arising out of an injury or a claimed injury occurring on or after January 1, 2005, and the employee is represented by an attorney, the evaluation shall be obtained only as provided in this section."

and irreparable harm. Since we agree with the Board that the medical evaluation and reporting procedure of former section 4062 is applicable, the WCJ's order does not result in substantial prejudice or irreparable harm as argued by Cortez. We therefore find no abuse of discretion in the Board's denial of removal.

*Sections 4050 and 5701 Are Not Authority for Granting the Employer's Petition*

Cortez argues that the WCJ had authority to order a medical examination with Dr. Perlo under section 4050, even though the resulting report would not have been admissible at trial to address the issues raised by the employer in its petition. The WCJ agreed and added section 5701 to the employer's proposed order as authority for ordering the medical evaluation.

█ Although the proposed order referred to sections 4053 and 4054, the issues raised by the employer in its petition addressed former section 4062. For the reasons we stated in *Nunez*, section 4050 may not be utilized to circumvent the medical evaluation and reporting procedure of former section 4062.

█ For the same reasons, section 5701 should not be utilized to order a medical evaluation that appears to violate former section 4062 and may generate an inadmissible report at trial.[11] Absent additional documentation that indicates compliance with the applicable statute, the order could result in undermining the Legislature's goal of avoiding unnecessary and costly medical evaluations and reports, and may be an abuse of discretion.[12]

---

[11] Former section 4062, subdivision (a) requires a written objection within 20 days of receipt of the physician's medical report. The employer's letter (dated May 14, 2004) indicates their objection was made approximately a year after the report (dated May 9, 2003) by Dr. Mays. A violation of section 4062 may render the report inadmissible. (*Tenet/Centinela Hospital Medical Center v. Workers' Comp. Appeals Bd.* (2000) 80 Cal.App.4th 1041 [95 Cal.Rptr.2d 858] [failure to follow § 4061 or § 4062 invalidated change of treating physician and report]; *County of Santa Barbara v. Workers' Comp. Appeals Bd.* (1999) 64 Cal.Comp.Cases 907 [medical report inadmissible for failure to timely object under § 4061 or § 4062]; see also *San Diego Gas & Elec. v. Workers' Comp. Appeals Bd.* (1997) 62 Cal.Comp.Cases 384.)

[12] See *San Bernardino Community Hospital v. Workers' Comp. Appeals Bd.* (1999) 74 Cal.App.4th 928, 935 [88 Cal.Rptr.2d 516] (WCJ abused discretion under section 5701 by authorizing additional medical evidence after mandatory settlement conference in violation of section 5502).

## DISPOSITION

The Board's decision is affirmed.

Hastings, J., and Curry, J., concurred.