Filed 11/16/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CAPITAL BUILDERS HARDWARE, INC., | No. B271987 |
| Petitioner, | (W.C.A.B. Nos. ADJ7170139 & ADJ7176930) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD, | |
| Respondent; | |
| ROBERT GAONA, | |
| Real Party in Interest. | |

PROCEEDINGS to review a decision of the Workers' Compensation Appeals Board. Annulled and remanded.

Stockwell, Harris, Woolverton & Muehl, David R. Erwin and George Woolverton for Petitioner.

John F. Shields for Respondent.

Graiwer & Kaplan, Gilbert Katen and Borris Vernik for Real Party in Interest.

_____

The applicant and real party in interest, Robert Gaona (Gaona), claimed industrial injury and filed a workers' compensation claim. Following the circulation of a medical

report, his employer, petitioner Capital Builders Hardware, Inc. (Capital Builders), objected to the admissibility of the report and requested that it be stricken. The workers' compensation judge (WCJ) denied Capital Builders's motions "without prejudice." Capital Builders appealed the decision of the WCJ to the Workers' Compensation Appeals Board (appeals board) by filing a petition for removal and a petition for reconsideration. The appeals board dismissed and denied those petitions.

Capital Builders now seeks writ review in the Court of Appeal. At issue is whether the appeals board's order is reviewable. We conclude that it is not. It is well-established that a petition for writ of review may be sought only from a final order or decision of the appeals board. (Lab. Code, §§ 5900, 5901;[1] *Maranian v. Workers' Comp. Appeals Bd.* (2000) 81 Cal.App.4th 1068, 1074 (*Maranian*).) Here, the appeals board's order is not final. To the extent *Alvarez v. Workers' Comp. Appeals Bd.* (2010) 187 Cal.App.4th 575 (*Alvarez*) suggests that either the WCJ's order or the appeals board's order is reviewable by writ of review, we disagree.

Accordingly, we annul the writ of review and remand the case to the appeals board.

### FACTUAL AND PROCEDURAL BACKGROUND

Gaona claimed industrial injury. He was evaluated by Dr. Sherry Mendelson, the agreed medical evaluator (AME), who opined that he should be evaluated by a chronic pain specialist and recommended Dr. Lawrence R. Miller. Dr. Miller recommended "24 hours 7-day a week home care assistance." His report was sent to Dr. Mendelson, who accepted his opinion and recommended that 24/7 care be provided.

Capital Builders later objected to the admissibility of Dr. Miller's report. It then filed a petition to strike Dr. Mendelson's reports and remove her as the AME in psychiatry pursuant to section 4062.3, subdivision (g). The petition alleged that there was no agreement to provide Dr. Miller's report to the AME and that sending Dr. Miller's report to Dr. Mendelson was an improper ex parte communication.

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

2

The WCJ denied Capital Builders's petition to strike "without prejudice."

Capital Builders petitioned for removal or in the alternative for reconsideration.[2]

As is relevant here, the appeals board found the WCJ's decision to be an interlocutory procedural order that was not a final order and was therefore not the proper subject of a petition for reconsideration; the appeals board dismissed the petition for reconsideration.  The appeals board also found that Capital Builders did not show substantial prejudice or irreparable harm and therefore denied the removal petition.

We issued a writ of review on July 18, 2016.  Simultaneously, we requested briefing on whether the appeals board's decision was a final order, whether the appeals board's decision is reviewable by way of a writ of review, and whether the *Alvarez* decision's implied conclusion regarding reviewability was correct.

The appeals board responded by underscoring that the WCJ's order was "'without prejudice,'" supporting the conclusion that it was an interim procedural decision.  Gaona replied by agreeing that the WCJ's order was an "interim procedural discovery order that ha[d] no impact on the rights and liabilities of either party . . . ."

Capital Builders filed a reply contending that all decisions of the appeals board are subject to review by the appellate courts.

## DISCUSSION

### A.  Writs of review and finality

It is settled that writs of review issue only to review final decisions, orders or award of the appeals board.  (*Maranian*, *supra*, 81 Cal.App.4th at p. 1074; *Safeway Stores, Inc. v. Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528, 532 (*Safeway*), citing, inter alia, *Gumilla v. Industrial Acci. Com.* (1921) 187 Cal. 638, 639–640;

---

[2]    Removal is an extraordinary remedy for review of nonfinal orders and is denied absent substantial prejudice or irreparable harm.  (*Cortez v. Workers' Comp. Appeals Bd.* (2006) 136 Cal.App.4th 596, 599–600.)  On removal, the petitioner must also demonstrate that reconsideration will not be an adequate remedy after issuance of a final order, decision or award.  (Cal. Code Regs., tit. 8, § 10843, subd. (a).)  Reconsideration is the procedural mechanism to obtain review by the appeals board of a final order, decision or award made by a WCJ.  (§ 5902.)

2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed.)
§ 34.10[2], p. 34-9; §§ 5900, 5901, 5950.)

Principally, because workers' compensation proceedings are to be expeditious, inexpensive, and "'without incumbrance of any character,'"[3] certain threshold issues, if finally determined, qualify as final orders. (*Safeway, supra*, 104 Cal.App.3d at p. 533.) Examples of threshold issues are whether the injury arises out of and in the course of employment, the territorial jurisdiction of the appeals board, the existence of an employment relationship or statute of limitations issues. (*Safeway, supra*, at p. 533 & fn. 4.) Such issues, if finally determined, "may avoid the necessity of further litigation" (*Id.* at p. 534) and hence render workers' compensation litigation more expeditious and inexpensive.

## B. The appeals board's orders in this case

The appeals board dismissed the petition for reconsideration and denied the petition for removal. Because these orders leave issues for future consideration (*Lyon v. Goss* (1942) 19 Cal.2d 659, 670), under the usual understanding of the concept of a final judgment or order, they are not final.[4] (*Maranian*, *supra*, 81 Cal.App.4th at p. 1075.)

These orders also do not qualify as orders finally disposing of threshold issues in workers' compensation practice. The underlying issue, i.e., whether the communication was or was not ex parte and therefore prohibited by subdivision (g) of section 4062.3, will not avoid the necessity of further litigation.

## C. *Alvarez* did not involve a final order

---

**3**    California Constitution, article XIV, section 4.

**4**    "It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (*Lyon v. Goss, supra,* 19 Cal.2d at p. 670.)

4

All parties, as well as this court in its request for additional briefing, have raised *Alvarez* as potential authority for the proposition that review is authorized of a decision regarding ex parte communications during discovery.

In *Alvarez*, a panel qualified medical examiner (PQME) telephoned defense counsel and requested copies of records that the PQME could not locate. (*Alvarez*, 187 Cal.App.4th at p. 582.) Defense counsel advised the applicant's counsel of the communication initiated by the PQME. (*Ibid*.) The applicant's counsel thereafter asserted that defense counsel violated section 4062.3's prohibition against ex parte communications with a PQME. (*Alvarez*, *supra*, at p. 582.)

The WCJ found that there was no improper ex parte communication between defense counsel and the PQME, and the appeals board denied reconsideration. (*Alvarez*, *supra*, 187 Cal.App.4th at pp. 583–584.)

The *Alvarez* court did not expressly address the preliminary issue of reviewability. Instead, it implicitly recognized that the issue was reviewable by reversing the appeals board decision that the communication was not prohibited. (*Alvarez*, *supra*, 187 Cal.App.4th at pp. 585–586.)

To the extent the *Alvarez* court reached the merits of the issue before it, without determining whether the appeals board's decision was reviewable, we respectfully disagree with *Alvarez.* The appeals board's decision in that case was not a final order under any view of finality. It left a great number of issues for future judicial consideration and decision. (*Lyon v. Goss, supra,* 19 Cal.2d at p. 670.) Moreover, the subject matter of the underlying issue, i.e., whether the communication was ex parte, did not pose a threshold issue. An unsuccessful objection to a medical report does not lead directly to the final termination of the workers' compensation proceedings.

Since the appeals board's order reviewed by the Court of Appeal in *Alvarez* was not a final order, we conclude that the reviewing court in *Alvarez* erred in issuing a writ of review.

**D. Request for attorney's fees**

The answer in response to the petition requested attorney's fees pursuant to section 5801. Attorney's fees may be awarded by the appeals board if the reviewing court finds that there was no reasonable basis for the petition. (§ 5801.) In such a case, the reviewing court "shall remand the cause to the appeals board for the purpose of making a supplemental award awarding to the injured employee or his attorney . . . a reasonable attorney's fee for services rendered in connection with the petition for writ of review." (§ 5801.)

Although there was no final order in this case that warranted a petition for a writ of review, in light of *Alvarez*, it was not unreasonable for Capital Builders to have filed the petition. Gaona's request for attorney's fees is therefore denied.

## DISPOSITION

The writ of review issued on July 18, 2016, is annulled and the case is remanded to the appeals board.

## <u>CERTIFIED FOR PUBLICATION</u>.


_____, Acting P. J.
                    ASHMANN-GERST

We concur:


_____, J.     _____, J.
     CHAVEZ                   HOFFSTADT

6