Filed 5/15/19; Certified for Publication 6/5/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ALLIED SIGNAL AEROSPACE, CONSTITUTION STATE SERVICE COMPANY, | B293080 |
| Petitioners, | (Los Angeles County Super. Ct. No. ADJ2798585) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and MAXINE WIGGS, | |
| Respondents. | |

PROCEEDINGS to review a decision of the Workers' Compensation Appeals Board. Annulled and remanded.

Kegel Tobin & Truce, and Anthony J. Macauley for Petitioners.

Law Offices Berkowitz & Cohen, and Sheldon S. Cohen for Respondent Maxine Wiggs.

Allison J. Fairchild for Respondent Workers' Compensation Appeals Board.

\* \* \* \* \* \*

Petitioners, Allied Signal Aerospace (Allied or employer) and Constitution State Service Company (collectively petitioners), sought issuance of a writ of review from this court following a decision by the Workers' Compensation Appeals Board (appeals board) concerning Maxine Wiggs (Wiggs or employee) and her request for heavy housework assistance. The writ of review was issued on December 3, 2018. The interested parties have submitted their briefs and the matter was placed on the court's May 2019 calendar.[1]

An employer's decision to deny or modify a physician's request for specific medical services for an injured employee is subject to review under the "utilization review" process. Broadly put, utilization review is handled by medical experts. Save for two limited exceptions, neither a workers' compensation judge (WCJ) nor the appeals board has jurisdiction over the utilization

_____

[1] On April 30, 2019, a request for dismissal of the petition for writ of review was filed by petitioners. We hereby deny the request for dismissal on the grounds that it is procedurally flawed (the writ issued on Dec. 3, 2018) and no explanation was provided in support of the request. Furthermore, once the court issues an alternative writ or order to show cause, the court may decide the case and issue a written decision even if the parties negotiate a settlement before oral argument. (*Glenfed Dev. Corp. v. Superior Court (Nat. Union Fire Ins. Co.)* (1997) 53 Cal.App.4th 1113, 1116, fn. 1 ["a negotiated resolution of the issue on the eve of oral argument does not mean we will refrain from filing our opinion"].)

review process.  In this case, a majority of the appeals board concluded one of the two exceptions applied in that the parties had stipulated that the issue of a home assessment for housekeeping services would be decided by a specific registered nurse.  However, the evidence does not support this conclusion.  The agreement between the parties was that the nurse would provide a home assessment for housekeeping services in one visit in 2012.  There was no agreement or stipulation that the nurse would continue to be the arbiter of this issue in the future after her one visit in 2012.

We granted the employer's petition for review because the appeals board acted in excess of its jurisdiction in addressing, on the merits, the issue of home assessment for housekeeping services.[2]  We therefore annul the decision of the appeals board and remand the case with directions for further proceedings consistent with this opinion.

## STATUTORY FRAMEWORK

An employer is responsible for providing an injured employee with any medical treatment or related care that is reasonably required to cure or relieve the effects of the injury. (§ 4600, subd. (a).)  Home health care is medical treatment if it is reasonably required to cure or relieve the injured employee from the effects of the injury and prescribed by a physician.  (§ 4600, subd. (h).)

---

[2]     "The review [of a petition for a writ of review] by the court shall not be extended further than to determine, based upon the entire record which shall be certified by the appeals board, whether: [¶] (a) The appeals board acted without or in excess of its powers."  (Lab. Code, § 5952, subd. (a).)

Further statutory references are to the Labor Code.

Utilization review (UR) is the statutorily defined process by which an employer reviews and approves, modifies, delays or denies a physician's request for authorization (RFA). (§ 4610, subds. (a), (b).) "Under the UR process, a request for treatment cannot be denied by a claims adjustor and must be approved unless a clinician determines that the treatment is medically unnecessary." (*Stevens v. Workers' Comp. Appeals Bd.* (2015) 241 Cal.App.4th 1074, 1081.) This ensures that a physician, rather than a claims adjuster with no medical training, makes the decision to deny, delay, or modify treatment. (*State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.* (2008) 44 Cal.4th 230, 241 (*Sandhagen*).)

Disputes over an employer's UR decision are governed by section 4610.5 et seq. which detail the independent medical review (IMR) process.[3] The specific provision which applies in this case is subdivision (a)(2) of section 4610.5 which provides for the IMR process when, as here, the UR decision was communicated to the requesting physician after July 1, 2013.

The IMR process is the exclusive remedy for resolving UR disputes. Section 4610.5 subdivision (b) states that "[a] dispute described in subdivision (a) shall be resolved only in accordance with this section." Section 4610.5 subdivision (e) provides that "[a] utilization review decision may be reviewed or appealed only by independent medical review pursuant to this section." The two exceptions currently recognized by the appeals board to circumvent the UR-IMR process are where the UR decision is

---

[3]     "If a utilization review decision denies or modifies a treatment recommendation based on medical necessity, the employee may request an independent medical review as provided by this section." (§ 4610.5, subd. (d).)

4

untimely[4] or when the parties have agreed to waive their right to pursue the statutory review process.[5]  Under these two circumstances, the appeals board retains jurisdiction to determine whether the requested medical treatment is reasonable and necessary based on the substantial medical evidence.

The exception at issue in this case is whether the 2012 stipulation was an agreement to waive UR and use the agreed registered nurse for all future disputes in addition to the 2012 dispute.

## FACTUAL BACKGROUND

The employee, Wiggs, sustained admitted industrial specific injury on April 21, 1997, and cumulative injury from May 3, 1997 through May 30, 1998, while working for Allied.  As a result of her industrial injuries, Wiggs had six surgeries from 1998 through 2012.  By the time of her surgery in 2012, Wiggs was on multiple opiod and narcotic medications for pain

---

[4]     The appeals board in the en banc decision of *Dubon v. World Restoration, Inc.* (2014) 79 Cal.Comp.Cases 1298 (*Dubon II*) held that the appeals board's jurisdiction over disputes arising from a UR decision was limited to those involving an untimely decision.  (*Id*. at p. 1299.)  *Dubon II* found that an untimely UR decision is invalid and not subject to IMR.  (*Id*. at p. 1307.)  If a UR decision is untimely, the determination of medical necessity may be made by the appeals board based on substantial medical evidence.  (*Id*. at p. 1300.)

[5]     The appeals board apparently inferred the exception from *Sandhagen, supra*, 44 Cal.4th at page 240, which stated that medical review is not required if the employer approves the treatment request.  (See *Bertrand v. County of Orange* (2014) 2014 Cal. Wrk. Comp. P.D. LEXIS 342, 6.)

management.  Wiggs had three more surgeries from 2014 through 2017.

A dispute arose over home health care services.  On October 22, 2012, the parties stipulated as follows:

1. Irene Mefford, RN-BC, CCM, CNLCP (Mefford) was the agreed registered nurse to perform a home assessment for housekeeping services;
2. Mefford was to prepare a report, which should be sent to Wiggs' doctors for review and comment;
3. Jurisdiction was reserved over Wiggs's retroactive claim for housekeeping services.

Mefford's report, issued on February 11, 2013, recommended Wiggs be provided with housekeeping services two times a month (approximately four hours per visit) for the purposes of housecleaning duties for the duration of one year.  Mefford also stated that the "opinions expressed in this report may need revision should additional information become available."

Allied authorized home care for one year and also paid for retroactive home care in the amount of $5,507.

On March 7, 2014, Wiggs's primary treating physician submitted an RFA for home care.  Allied's UR authorized home care on March 14, 2014.  The authorization was for four hours twice a month for deep cleaning assistance.

As a result of Wiggs's additional surgeries, on June 18, 2015, Wigg's physician requested authorization for four hours of house cleaning every week.  Allied's UR denied authorization for increased house cleaning home care.  Wiggs did not seek an IMR of the UR denial.

The record includes multiple RFAs included within progress reports of Wiggs's doctors for four hours of house

cleaning per week. The most recent RFA for four hours of home health care per week was submitted on April 6, 2016. Wiggs thereafter filed for an expedited hearing on the issue.

**PROCEDURAL BACKGROUND**

**The parties' positions**

In her trial brief, Wiggs argued that Allied's failure to submit the April 6, 2016 RFA for home health care to the UR process had the effect of entitling her to home care. Allied argued that the April 6, 2016 RFA was identical to an earlier denied RFA, which could not be asserted without any change in circumstance in Wiggs's condition. Neither Wiggs nor Allied at this point raised an ongoing stipulation to utilize Mefford for any disputes arising out of home health care.

The first time Wiggs raised the 2012 stipulation was in a June 1, 2017 letter to the WCJ requesting an order that the parties return to Nurse Mefford and she review all relevant and material medical evidence to determine Wiggs's need for continued home health care. Allied responded on June 8, 2017, that Mefford was retained for a one-time evaluation, which resulted in one year of home health care provided by Allied.

**The WCJ's decision to develop the record**

The WCJ ordered Allied to serve Mefford with Wiggs's medical reports from March 10, 2012 through October 19, 2016. The WCJ ordered Mefford to prepare a supplemental report after review of the medical records, a home assessment, and interview with Wiggs. The report was to address whether as a result of her industrial injuries, Wiggs was in need of heavy home health care. (*Ibid.*)

Allied petitioned for reconsideration and removal. As to reconsideration, Allied asserted the WCJ did not have

7

jurisdiction over the issue of home care. Allied claimed the WCJ's order to develop the record circumvented the UR and IMR process. In addition, Allied claimed that the October 22, 2012 stipulation did not obligate Allied to pay for Mefford's services on the home care issue.

The WCJ recommended reconsideration and removal be denied.

**The appeals board's opinions**

A majority of the appeals board affirmed the WCJ's decision to develop the record and incorporated and adopted the WCJ's opinion and report.

The majority construed the October 22, 2012 stipulation to use Mefford for a determination of home care needs to be "a procedure for evaluating applicant's need for homecare . . . ."

The dissent found the medical treatment issue should be addressed through the UR and IMR processes. The dissent agreed with Allied that the stipulation of October 22, 2012, was for a one-time evaluation by Mefford following her spinal surgery in 2012 and not an ongoing agreement. This was evidenced by the RFA submitted to UR after expiration of the one year recommended by Mefford.

## DISCUSSION

### I. Writs of review and finality

It is settled that writs of review issue only to review final decisions, orders or award of the appeals board. (§§ 5900, 5901, 5950; *Capital Builders Hardware, Inc. v. Workers' Comp. Appeals Bd. (Gaona)* (2016) 5 Cal.App.5th 658, 662; 2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed.) § 34.10[2], p. 34-9.) The usual definition of finality is whether

8

there are any issues left for judicial determination.  (*Lyon v. Goss* (1942) 19 Cal.2d 659, 670.)

There is authority that permits review of so-called "threshold" issues, such as whether the injury arose in the course and scope of employment or whether the claim is barred by the statute of limitations, even if there is no final decision of the appeals board in the accepted sense of a final decision or award. (*Safeway Stores, Inc. v. Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528, 533.)  The underlying rationale for allowing the review of a threshold issue in the absence of a final decision is that workers' compensation proceedings should proceed expeditiously and inexpensively.  (*Ibid*.)  Thus, if the resolution of an issue will terminate the proceedings, it will save both time and money if the issue is resolved, which conforms with the purposes of the workers' compensation system.  (*Id.* at pp. 533-534.)

The appeals board recognizes both the general rule requiring finality and the threshold issue exception to that rule. However, the appeals board contends that in this case the WCJ's order to develop the record, entered on August 17, 2017, did not address a threshold issue.  Specifically, the appeals board points to the fact that the "Joint Findings & Orders" issued on that date, referred to as the "F&O," a shorthand we also adopt, was simply an order to develop the record regarding a medical treatment dispute.  The appeals board contends that a "decision to enforce a stipulation to resolve a discrete treatment dispute, while obviously 'significant and important' to petitioner, is not an issue of jurisdiction."  (Fn. omitted.)

We disagree with the appeals board's interpretation of the F&O.

The F&O directed Allied to serve Mefford with Wiggs's medical reports from March 10, 2012 through October 19, 2016. The F&O went on to direct Mefford to prepare a supplemental report after review of the medical records, a home assessment, and interview with Wiggs. The report was to address whether as a result of her industrial injuries, Wiggs was in need of heavy home health care. In short, the F&O assumed that the issue of home health care would be resolved not in the UR process but rather before the WCJ and, if necessary, the appeals board.

It is disingenuous to characterize such an order as a mere interlocutory order that addressed a dispute over treatment. Contrary to the appeals board claim, the F&O cut right to the heart of a jurisdictional issue. Who has jurisdiction over the issue of home health care for Wiggs? Is it the UR process or the WCJ and the appeals board?

We conclude that the issue of home health care for Wiggs is an issue to be resolved in and by the UR process, not the WCJ or the appeals board. For the reasons we set forth fully below, the WCJ and appeals board do not have jurisdiction to address and resolve the issue of home health care for Wiggs.

Since this necessarily terminates the collateral proceedings pending before the appeals board, the issue whether the appeals board has jurisdiction over home health care for Wiggs qualifies as a threshold issue. Accordingly, we address the appeal on the merits.

## II. Standard of review

Review by this court of an appeals board decision is limited to a decision that is in excess of the appeals board's jurisdiction, that is procured by fraud or is unreasonable, or is not supported by substantial evidence. (§ 5952.) An unreasonable decision

10

under section 5952 is one that is not supported by substantial evidence or the use of unreasonable or arbitrary procedures. (2 Hanna, *supra,* § 34.18[1], p. 34-32.) When determining whether the appeals board's conclusion was supported by substantial evidence, the evidence should be considered in light of the entire record. (§ 5952, subd. (d); *Le Vesque v. Workers' Comp. Appeals Bd.* (1970) 1 Cal.3d 627, 637.)

## III.  Substantial evidence does not support an ongoing stipulation

The finding that is critical to the majority's conclusion is that "the parties stipulated to a procedure for evaluating applicant's need for homecare by having Nurse Mefford report on the issue and there is no evidence of a change in applicant's condition or circumstances that eliminates that need." This finding provides the basis for the majority's conclusion that this case is like others in which the parties effectively entered into a settlement agreement which provided for the submission of any disputes to an arbitrator. In these cases, the settlement agreement providing for submission of the disputes to an arbitrator displaced the UR process.

The pertinent part of the stipulation regarding nurse Mefford states: "Irene Mefford is the agreed R.N. to perform a home assessment for housekeeping services." In addition to the fact that the stipulation calls for no more than a single home care assessment, the stipulation simply does not reflect any agreement by the parties to submit any future disputes to Mefford for resolution. The stipulation was for an assessment by Mefford to be performed on one occasion and nothing more than that was agreed to or contemplated. That Mefford unilaterally added to her report that her conclusion was subject to revision

11

does not translate into an agreement by the parties that she was to resolve future disputes about home care.

It is significant that the parties' conduct after 2012 confirms that the stipulation regarding Mefford was not seen as a continuing agreement providing for Mefford's services. There is nothing in the stipulation that provides that Mefford was to arbitrate disputes about home care. Wiggs's treating physician submitted an RFA for home care on March 8, 2014, and Allied's UR authorized the requested care. In 2015, Allied's UR resulted in the denial of an intensification of home care but the IMR review process was not invoked.

Resort to the UR process in 2014 and 2015 makes it clear that the parties did not understand the 2012 stipulation to be anything more than an agreement to use Mefford to perform a single assessment in 2012 of home care needs.

The dissent's view that the majority misconstrued the purpose and effect of the stipulation appears to be correct.

The appeals board's reliance on *Patterson v. The Oaks Farm* (2014) 79 Cal.Comp.Cases 910, 917-919 (*Patterson*) is misplaced. The *Patterson* case held that when an employer acknowledged the reasonableness and necessity of medical services, the employer cannot unilaterally terminate those services, even if there is no renewed prescription. (*Ibid.*) Contrary to the appeals board's finding that the employer in this case unilaterally ceased to provide previously agreed reasonable medical services, in 2014 Allied, through the UR process, authorized the requested home care and only denied the request for an intensification of home care in 2015. The latter decision was not challenged through the IMR process.

12

The case of *Bertrand v. County of Orange, supra,* 2014 Cal. Wrk. Comp. P.D. LEXIS 342 is distinguishable. *Bertrand* involved an express stipulation to use an agreed medical evaluator for future disputes. Here, the stipulation was to use Nurse Mefford for a home assessment resulting in one year of home health care, which was provided by Allied. The 2012 stipulation was clearly executed and completed. Nothing in the 2012 stipulation indicates an ongoing agreement to use Nurse Mefford.

We find therefore that the appeals board's conclusion was not supported by substantial evidence. We hold that the 2012 stipulation was intended, as plainly stated, to be a one-time home assessment and report by Mefford. The Legislature has expressly stated that it is its intent to have "medical professionals ultimately determine the necessity of requested treatment" and that it "furthers the social policy of this state in reference to using evidence-based medicine to provide injured workers with the highest quality of medical care and that the provision of the act establishing independent medical review are necessary to implement that policy." (Sen. Bill No. 863 (2011-2012 Reg. Sess.) § 1(e).) Since there was no stipulation to displace the provision of home health care from the UR-IMR process, the appeals board had no jurisdiction to review the medical necessity and reasonableness of home health care.

## DISPOSITION

The decision of the Workers' Compensation Appeals Board entered on August 21, 2018, is annulled and the matter is remanded to the Workers' Compensation Appeals Board.


_____, J.
CHAVEZ

We concur:


_____, Acting P.J.
ASHMANN-GERST


_____, J.
HOFFSTADT

14

Filed 6/5/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION TWO

| | |
|---|---|
| ALLIED SIGNAL AEROSPACE et al., <br><br>     Petitioners, <br><br>     v. <br><br> WORKERS' COMPENSATION APPEALS BOARD and MAXINE WIGGS, <br><br>     Respondents. | B293080 <br><br> (Los Angeles County Super. Ct. Nos. ADJ2723676, ADJ2798585) <br><br> ORDER FOR PUBLICATION |

THE COURT:*

The opinion in the above entitled matter filed on May 15, 2019, was not certified for publication.

For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

*ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.

1