[No. G011764. Fourth Dist., Div. Three. June 29, 1992.]

MARSHALL S. SHIPLEY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CITY OF
WHITTIER, Respondents.

**COUNSEL**

Marshall Shipley, in pro. per., and Lawrence E. Hanna for Petitioner.

Richard W. Younkin, William B. Donohoe, Thomas J. McBirnie, Lister, Guckenberger & Martin, David E. Lister and Richard K. Green for Respondents.

## OPINION

**WALLIN, J.**—Marshall S. Shipley successfully petitioned this court for a writ of review of orders of the Workers' Compensation Appeals Board overturning a compensation award and denying Shipley's petition for reconsideration. We reverse the order denying the petition for reconsideration.

### FACTS

Shipley had been employed as a recreation supervisor for the City of Whittier for over 14 years when he filed his compensation claim. His duties

included setting up equipment for recreational activities, preparing and marking athletic fields and moving furniture and pianos. He experienced intermittent back pain throughout the course of his employment, for which he received minimal medical treatment.

In September 1985, Shipley's back pain increased and he was referred to Dr. Biscaro, an orthopedic surgeon, through his group health plan carrier. Biscaro's examination revealed a herniated disc in the lumbar region of Shipley's spine. Shipley subsequently underwent a lumbar laminotomy and excision of the disc performed by Biscaro.

Following surgery, Shipley filed his claim. His counsel referred him to Dr. Sharma, who concluded Shipley's back problems were due to "continuous type of work trauma." The city referred Shipley to Dr. Hillsman, who concluded his injury was "100% non industrial."

The case was tried before a workers' compensation judge, who found Shipley "sustained injury to his spine arising out of and in the course of his employment by the [city] during the period of 9/16/84 through 9/16/85." The judge awarded temporary disability and allowed the lien of Shipley's health plan; it took the questions of permanent disability, apportionment and future medical care off calendar and urged the parties to resolve these issues with an agreed medical examiner.

The city petitioned the board for reconsideration of the award on the ground that the evidence did not justify the findings of fact. The board granted reconsideration and on June 25, 1990, it issued its opinion and decision after reconsideration rescinding the findings of the trial judge and issuing a substitute finding that "Shipley did not sustain a cumulative injury to his spine arising out of and in the course of his employment as a recreation supervisor . . . ."

On July 19, 1990, Shipley petitioned the board for reconsideration of its opinion of June 25. According to the declaration of Neomie Smith, chief clerk at the Workers' Compensation Appeals Board in Santa Ana, in late August or early September of 1990, Shipley requested a check on the status of the petition. Apparently, it was discovered that Shipley's file had been inadvertently sent to "Archives" and its return was requested. Several months later, Shipley again inquired about the status of the petition and the location of the file. Ms. Smith told him "it was our office policy to request the file twice from Archives before allowing a 'duplicate file' to be reconstructed." The return of the file was again requested.

Several more months passed. Shipley again inquired and this time he was allowed to reconstruct a duplicate file. The duplicate file was sent from the Santa Ana office on August 14, 1991; the workers' compensation judge who originally heard the case sent it on to the rehearing unit of the board in San Francisco on August 22.

On September 26, 1991, the board issued its opinion, citing Labor Code section 5909,[1] which provides that a petition for reconsideration is denied by operation of law if it is not acted upon within 30 days from filing. "[Shipley's] petition having been filed more than a year ago, and no action having been taken on it for more than 30 days therafter [*sic*], the petition is deemed to have been denied by operation of law on August 20, 1990."

## DISCUSSION

Certain fundamental principles govern our evaluation of this case. The Workers' Compensation Appeals Board is directed to determine matters under the Workers' Compensation Act (§ 3201 et seq.) "to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character . . . ." (Cal. Const., art. XIV, § 4.) And section 3202 requires the courts to construe the act liberally "with the purpose of extending their benefits for the protection of persons injured in the course of their employment." These directives compel us to find that the time period after which a petition for reconsideration is deemed denied by operation of law was tolled while the board misplaced Shipley's file and led him to believe his petition would eventually receive consideration.

Section 5909 provides, "A petition for reconsideration is deemed to have been denied by the appeals board unless it is acted upon within 30 days from the date of filing. The appeals board may, upon good cause being shown therefor, extend the time within which it may act upon such petition for not exceeding 30 days." While this language appears mandatory and jurisdictional, the time periods must be based on a presumption that a claimant's file will be available to the board; any other result deprives a claimant of due process and the right to a review by the board. We emphasize Shipley's file was lost or misplaced through no fault of his own and due to circumstances entirely beyond his control. Surely the Legislature did not write the statute in anticipation of a system so inefficient that such gaffes were statutorily provided for.

---

[1] All statutory references are to the Labor Code.

Sadly, it appears the system has become just that inefficient. In *Carreiro* v. *Dixie Yams/Candlewick* (1979) 44 Cal.Comp.Cases 1035, the employer did not receive actual notice of the denial of its petition for reconsideration until long after the time to file its writ of review had passed. In denying the employer's petition to reopen, the board admonished practitioners to take the initiative if nothing was heard from the board following the filing of a petition for reconsideration. Pointing out it was "aware of situations . . . where . . . petitions were not processed at the district office and thus never reached the Appeals Board resulting in a denial by operation of law." (*Id.* at p. 1038.) It further stated, "Nonetheless, errors at the district office level, at the Appeals Board level, or by the U.S. Postal Service do not excuse a party or counsel from making necessary inquiry when certain events do not occur. Good law practice requires affirmative action by a petitioner when a document has not been received." (*Ibid.*)

While we are not convinced that the burden of the system's inadequacies should fall on claimants, in any event Shipley did make inquiries and received reassurances from the board that his petition would be considered either after his file was found or after he reconstructed a duplicate file. Allowing the board to subsequently deny the petition by operation of law under section 5909 makes no sense. Our position is bolstered by *State Farm Fire & Casualty Co.* v. *Workers' Comp. Appeals Bd.* (1981) 119 Cal.App.3d 193 [173 Cal.Rptr. 778]. In that case, the board's order denying reconsideration of its previous award was filed on June 10, 1980, but the petitioner did not receive notice until October 27, after it directed letters of inquiry to the board about the matter on three separate occasions. Noting that the right to judicial review, having been provided by statute, must comport with the guarantees of due process in the United States and California Constitutions, the court stated, "It is a fundamental principle of due process that a party may not be deprived of a substantial right without notice [citations], and a rule that the statutory right to judicial review of Board decisions is lost by passage of the 45-day statutory period even though the affected party was not afforded notice of the decision to be reviewed would offend elementary due process principles." (*Id.* at pp. 196-197.)

Shipley's right to reconsideration by the board is likewise statutorily provided and cannot be denied him without due process. Any other result offends not only elementary due process principles but common sensibilities. Shipley is entitled to the board's review of his petition and its decision on its merits.

The denial of the petition for reconsideration by operation of law is reversed.

Sills, P. J., and Moore, J., concurred.