Filed 5/20/13  Hodges v. ACE Parking Management CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RICHARD E. HODGES,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ACE PARKING MANAGEMENT, INC., et al.,<br><br>    Defendants and Respondents. | D061069<br><br><br>(Super. Ct. No. 37-2010-00103423-CU-WT-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard E.L. Strauss, Judge.  Affirmed in part, reversed in part.

Richard E. Hodges, in pro. per., for Plaintiff and Appellant.

Schwartz, Semerdjian, Ballard & Cauley, Dick A. Semerdjian and Sierra J. Spitzer for Defendants and Respondents.

Richard E. Hodges appeals a judgment dismissing his case after the superior court sustained demurrers by Ace Parking Management, Inc. (Ace Parking), Scott Jones, Mike

Wilson and Ian Pollart (collectively, the defendants) to his third amended complaint asserting claims for racial and age discrimination, harassment and retaliation. He contends that his third amended complaint sufficiently alleged causes of action for racial and age discrimination, harassment and retaliation against all of the defendants. We conclude that the allegations were sufficient to state a claim for wrongful termination based on racial and age discrimination against Ace Parking. We therefore reverse the judgment as to that claim; in all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In accordance with the rules governing appellate review of a superior court's ruling on a demurrer, the following factual recitation is taken from the allegations of Hodges's third amended complaint and the exhibits attached thereto. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)[1]

Hodges, who is African-American, began working for Ace Parking in 2000 and he worked his way up from a part-time temporary employee to a full-time supervisory position. During that time, Hodges received two certificates of recognition for outstanding and dedicated performance from the San Diego Marriott Mission Valley, where he was assigned, as well as compliments from hotel patrons. In June 2005, after a recent transfer to work for Ace Parking at the Holiday Inn on the Bay, Hodges filed an

---

[1] Hodges's third amended complaint does not set forth all of the relevant facts, but instead refers in part to factual allegations from his prior pleadings.

internal complaint against Pollart, his new supervisor, reporting that Pollart improperly castigated him in front of a new hire and accusing Pollart of racism and bigotry.[2]

From April 2006 to January 2009, Pollart (1) issued Hodges multiple partial paychecks for 10 different weekly pay periods, (2) failed to correctly report Hodges's work hours, and (3) changed Hodges's work schedule. In January 2009, when Hodges was 63 years old, defendants Wilson, an Ace Parking area manager, and Pollart terminated him, ostensibly because of a slowdown in Ace Parking's business, while retaining the other shift supervisor, a much younger White male who had worked for Ace Parking for only two years.

Hodges filed a complaint with the Equal Employment Opportunity Commission arising out of his termination and was issued a right-to-sue letter. Representing himself, Hodges filed this action in November 2010 and filed an amended complaint three weeks later. The defendants challenged Hodges's first and second amended complaints by demurrer. The superior court sustained both demurrers with leave to amend.

Hodges filed a third amended complaint asserting claims for wrongful termination/racial discrimination against Wilson and Pollart (first cause of action); harassment against Pollart (second and third causes of action); retaliation against Pollart (fourth cause of action); age discrimination against Wilson and Pollart (fifth cause of

---

[2]    Hodges's attached to his original complaint the internal complaint he made against Pollart in June 2005, as well as an "Employee Warning Report" that Pollart issued to him in October 2005 for failing to show up for a scheduled shift. These exhibits are not attached to the third amended complaint.

action); and discrimination, harassment and retaliation against all of the defendants (sixth cause of action). The defendants again demurred to all of Hodges's claims. After hearing oral argument, the superior court sustained the demurrers without leave to amend.

Hodges appeals, contending that he has adequately alleged causes of action for discrimination, harassment and retaliation.[3]

---

[3] In his opening brief on appeal, Hodges argues that the third amended complaint also alleged proper causes of action for breach of implied contract and gross negligence. However, a review of the third amended complaint shows that no such claims were asserted therein. In any event, Hodges's factual allegations did not support viable claims in this regard. (See *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 335 [recognizing a "strong" statutory presumption that employment is at will, which is overcome only by an employer's conduct establishing a specific understanding that the employee would be terminated only for good cause]; *City of Santa Barbara v. Superior Court* (2007) 41 Cal.4th 747, 754 [defining "gross negligence" as either a " 'want of even scant care' " or " 'an extreme departure from the ordinary standard of conduct' [citation]"].)

DISCUSSION

*Sufficiency of the Pleadings*[4]

In an appeal from a judgment entered upon a demurrer sustained without leave to amend, we review the challenged pleading de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 791-792.) In doing so, we must assume the truth of "(1) all facts properly pleaded by the plaintiff, (2) all facts contained in exhibits to the complaint, (3) all facts that are properly the subject of judicial notice, and (4) all facts that may reasonably be inferred" from such facts. (*Neilson v. City of California City* (2005) 133 Cal.App.4th 1296, 1305.) We do not, however, accept the truth of allegations that constitute legal contentions, conclusions of law, or deductions drawn from those legal contentions or conclusions. (*Ibid.*)

---

[4] Generally, an appellant's failure to provide a complete record on appeal will result in an affirmance of the judgment or order that he is attempting to challenge. (See *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 [recognizing that if the appellate record is inadequate for meaningful review, the appellant defaults and the superior court decision is normally affirmed]; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [taking this approach where the record lacked copies of the challenged motion and opposition thereto].) However, although the record that Hodges designated on appeal does not include various of the defendants' demurrer and reply papers, it does include the challenged pleading and the superior court's ruling on the demurrers to that pleading. Because the superior court's ruling is subject to de novo review on appeal, the record is nominally adequate for this purpose and, in keeping with policies governing appellate review, we address the appeal on its merits. To permit a more adequate picture of what was before the superior court, however, we requested the superior court file and, on our own motion, hereby augment the record to include it. (Cal. Rules of Court, rule 8.155(a)(1)(A); see, e.g., *McCarthy v. Mobile Cranes, Inc.* (1962) 199 Cal.App.2d 500, 501-503 [ordering clerk's file sent up when appellant provided inadequate record].)

A.      *Claims for wrongful termination based on racial and age discrimination against Wilson and Pollart*

Although an employer may ordinarily terminate an "at will" employee, with or without good cause (Lab. Code, § 2922), the California Fair Employment and Housing Act (FEHA) makes it an unlawful employment practice for *an employer* "to discharge [a] person from employment or . . . to discriminate against [him] in compensation or in terms, conditions, or privileges of employment" based on his race or age.  (Gov. Code, § 12940, subd. (a).)  This statutory scheme authorizes the assertion of a claim by an aggrieved employee against his employer, but does not support the assertion of such a claim by the employee against his individual supervisors.  (*Reno v. Baird* (1998) 18 Cal.4th 640, 644-664.)  For this reason, the superior court properly sustained the demurrers by Wilson and Pollart to Hodges's first and fifth causes of action alleging wrongful termination based on racial discrimination and age discrimination against them.

B.      *Harassment claims against Pollart*

FEHA also makes it an unlawful employment practice "[f]or an employer . . . or any other person" to harass an employee because of race.  (Gov. Code, § 12940, subd. (j)(1).)  To successfully assert a harassment claim, a plaintiff must allege facts showing that he belonged to a protected group and was subjected to racial harassment, and that the harassment was sufficiently pervasive that it altered the conditions of his employment and created an abusive or hostile working environment.  (*Aguilar v. Avis*

6

*Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 130; *Etter v. Veriflo Corp.* (1998) 67 Cal.App.4th 457, 465-466.)

Whether particular conduct is sufficiently pervasive to create a hostile or offensive work environment must be judged from the perspective of a reasonable person in the employee's position in light of all the circumstances. (*Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 609-610 (*Fisher*).) Factors to be considered include the severity and frequency of the conduct and whether it was physically threatening or humiliating (rather than merely an offensive utterance). (*Beyda v. City of Los Angeles* (1998) 65 Cal.App.4th 511, 517, citing *Harris v. Forklift Systems, Inc.* (1993) 510 U.S. 17, 23.) The conduct must (a) have actually offended the employee asserting the claim, and (b) been of such an extreme nature that it would have both interfered with a reasonable employee's work performance and seriously affected such a reasonable employee's psychological well-being. (*Fisher*, *supra*, at pp. 609-610; *Etter v. Veriflo Corp., supra,* 67 Cal.App.4th at pp. 466-467.) Occasional, isolated, sporadic, or trivial acts will not suffice. (*Fisher, supra,* at pp. 609-610.)

Hodges's harassment claims are based on allegations that Pollart (1) issued Hodges multiple partial paychecks for 10 weekly pay periods between April 2006 and January 2009, (2) failed to correctly report Hodges's work hours, and (3) changed Hodges's work schedule without reason. Although Hodges clearly found this conduct offensive and upsetting, it was sporadic in nature and cannot reasonably be deemed to constitute a concerted pattern of harassment. (See *Guthrey v. State of California* (1998) 63

7

Cal.App.4th 1108, 1122-1124 and cases cited therein.)  Accordingly, the superior court properly sustained Pollart's demurrer to this cause of action.

C.    *Retaliation claim against Pollart*

FEHA makes it an unlawful employment practice for an employer to retaliate against an employee for complaining about violations of its provisions.  (Gov. Code, § 12940, subd. (h).)  As with claims of discrimination, individual supervisory employees are not personally liable under FEHA for engaging in retaliatory conduct.  (*Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1160, 1173.)  Thus, the superior court properly sustained Pollart's demurrer to Hodges's cause of action for retaliation.

D.    *Claim for discrimination, harassment and retaliation against all defendants*

Hodges's sixth cause of action against the defendants incorporated the same factual allegations that provide the basis for his other causes of action.  For the reasons discussed above, this cause of action failed to state a claim against the individual defendants for discrimination, harassment or retaliation, and similarly failed to state a claim against Ace Parking for harassment.  The question remains whether Hodges's allegations were sufficient to support claims against Ace Parking for retaliation or discrimination.

8

1.    *Retaliation*

To establish a prima facie case of retaliation, a plaintiff must show that he engaged in a protected activity, that his employer subjected him to an adverse employment action, and that there was a causal link between the protected activity and the employment action.  (*Flait v. North American Watch Corp.* (1992) 3 Cal.App.4th 467, 476.)  In support of his claim for retaliation, Hodges relied on essentially the same factual allegations that provide the bases for his harassment causes of action as constituting an adverse employment action.

Although workplace harassment may rise to the level of an adverse employment action for purposes of establishing a retaliation claim, such harassment must be severe or pervasive.  (See *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1056, fn. 16 (*Yanowitz*) [recognizing that FEHA was not intended to provide employees with a remedy "for any possible slight" resulting from the filing of a discrimination complaint].)  Minor or relatively trivial adverse actions or conduct by an employer or fellow employees that, from an objective perspective, are reasonably likely to do no more than anger or upset an employee cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment, and are not actionable.  (*Yanowitz, supra,* at pp. 1054-1055.)  Hodges's allegations that Pollart retaliated against him by issuing him multiple partial paychecks, changing his days off and treating him unprofessionally in front of other employees fall into the latter category.

2.      *Discrimination*

A prima facie case of discrimination under FEHA is established where an employee alleges (1) he was a member of a protected class (here, based on race or age); (2) he was subjected to an adverse employment action; (3) he was satisfactorily performing his job when the adverse action was taken against him; and (4) circumstances that suggest that his employer acted with a discriminatory motive.  (See *Guz v. Bechtel National, Inc., supra,* 24 Cal.4th at p. 355.)  Hodges's third amended complaint alleges that he is African-American and is 63 years old, and that he was terminated from his supervisory position because of his race and/or his age.  The complaint further alleges that Ace Parking terminated Hodges and retained a much younger and less experienced White male as the remaining shift supervisor.  Finally, the operative complaint alleges that Hodges was satisfactorily performing his job at the time of his termination.  These allegations are sufficient to allege a prima facie case of race and age discrimination.[5]

---

[5]      To the extent that Hodges's sixth cause of action also asserts claims for retaliation and harassment against Ace, and claims against the individual supervisors, Hodges can easily amend that cause of action to delete the surplus allegations and claims.

10

DISPOSITION

The judgment is reversed insofar as the superior court sustained Ace Parking's demurrer to Hodges's claim for racial and age discrimination.  The matter is remanded for further proceedings relating to those claims.  The judgment is affirmed in all other respects.  Parties to bear their own costs on appeal.


_____
AARON, J.

WE CONCUR:


_____
NARES, Acting P.J.


_____
McDONALD, J.

11